# RIPPEE v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

### Division Two, February 20, 1900.

1. **Amendment of Pleadings: NEGLIGENCE: SAME INJURY** . An amendment in the circuit court of the statement filed before a justice of the peace, if merely the same matter more fully or differently laid, is not a change in the cause of action. If the injury counted upon in the amended statement is the same as the one which formed the basis of the original statement, it remains the same cause of action.

2. **————: ————: SOUNDING WHISTLE.** Where the original complaint filed before the justice, stated that plaintiff's cow was killed because of defendant's negligence in running its train, but in specifying the negligence, charged defendant with running the train at a greater rate of speed than that permitted by law, and with failure to sound the whistle or ring the bell, but did not charge that the cow was killed by reason of such failure, it was no change in the cause of action to so amend the statement as to supply this omission.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Wallace Pratt* and *Goode & Cravens* for appellant.

(1)   A party will not be allowed to sue on one cause of action and recover on another although the same subject-matter may be the subject of the suit.   Clements v. Yeates, 69 Mo. 623; Sedalia Gas Light Co. v. Mercer, 19 Mo. App. 650; Gurley. v. Railroad, 93 Mo. 450; Ely v. Railroad, 77 Mo. 34; Price v. Railroad, 72 Mo. 414; Waldhier v. Railroad, 71 Mo. 514. (2) The amendment is an entire departure from the original cause of action sued on before the justice.   The test of departure in pleading is, will the same evidence support both petitions?   We say not.   Under the original petition plaintiff would have to prove the fol-

lowing three things: 1st, the municipal ordinance regulating the speed of trains; 2d, that the train was running at a rate of speed in excess of that allowed by ordinance; 3d, that his cow was struck and killed by such train anywhere within the limits of the municipality. These three things, with proof of ownership and value of the animal, would make out a case for plaintiff. Under the amended petition none of these things were necessary to be proved, except the killing of the cow by the train. But further and totally different proof was required. 1st, that the cow was struck and killed at a public crossing, not necessarily in the town of Mansfield, but anywhere in that township; 2d, that neither the bell was rung nor the whistle sounded. One cause of action was based on the alleged positive violation of a municipal ordinance; and the other on the negligent failure to perform an act required by statute. In one case the animal need not have been on or anywhere near a public crossing. In the other it must have been struck and killed on such a crossing. Hence our contention that a new and entirely different cause of action was stated in the amendment. Scovill v. Glasner, 79 Mo. 449; Hansberger v. Railroad, 43 Mo. 196; Thieman v. Goodnight, 17 Mo. App. 429; Durnin v. Waddingham, 12 Mo. App. 146; Gregory v. Railroad, 20 Mo. App. 448; Sturgess v. Botts, 24 Mo. App. 282; Sims v. Field, 24 Mo. App. 564.

*Thos. H. Musick* for respondent.

(1) The courts are liberal in construing pleadings in justice's courts and in allowing amendments thereof. Gregg v. Dun, 38 Mo. App. 283; Ibs v. Railroad, 45 Mo. 469; Glenn v. Weary, 66 Mo. 80; Razor v. Railroad, 73 Mo. 472; Butts v. Phelps, 90 Mo. 670; Lemmon v. Lloyd, 46 Mo. App. 452. (2) Amendments are permissible to give jurisdiction where there was none in the justice's court. Vaughan

v. Railroad, 17 Mo. App. 8; Mitchell v. Railroad, 82 Mo. 106; Fathman Planing Mill Co. v. Ritter, 33 Mo. App. 404; Kiltenbaugh v. Railroad, 34 Mo. App. 147; Lindsay v. Railroad, 36 Mo. App. 51; McKinney v. Harral, 36 Mo. App. 337. (3) A complaint may be good for either of two different causes of action; as in Boefer v. Sheridan, 42 Mo. App. 226, for either trespass or permissive waste and as in Hale v. Vandiver, 67 Mo. 732, for either trespass or trover. (4) It is submitted that the original statement may be considered either as an action for damage resulting from a violation of a city ordinance or for running a train through the city with negligent speed and without ringing a bell or sounding a whistle. This is made most apparent by eliminating all that part of the original statement referring to the city ordinance. Boefer v. Sheridan, 42 Mo. App. 226; Haynes v. Railroad, 54 Mo. App. 582; Barbaro v. Occidental Grove, 4 Mo. App. 429; Butts v. Phelps, 79 Mo. 302; Fleischman v. Miller, 38 Mo. App. 177; Gregg v. Dun, 38 Mo. App. 283; Reeds v. Lee, 64 Mo. App. 683; Wesse v. Revron, 102 Mo. 299; Lemmon v. Lloyd, 46 Mo. App. 452; Dahlgren v. Yocum, 44 Mo. App. 277; Wilkinson v. Railroad, 54 Mo. App. 661. (5) Appellant was informed of the name of the claimant, the amount and character of the claim, the date and place and that the cow was killed by reason of the negligent running of its train. It was certainly definite enough to inform appellant of the nature of the demand and to bar another action. Barbaro v. Occidental Grove, 4 Mo. App. 426; Lemmon v. Lloyd, 46 Mo. App. 226; Boefer v. Sheridan, 42 Mo. App. 226; Rosenberg v. Boyd, 14 Mo. 429.

GANTT, P. J.—This cause has been certified to this court by the St. Louis Court of Appeals, owing to a difference of opinion among the judges of that court.

The plaintiff commenced his action by filing the follow-

ing statement before a justice of the peace in Pleasant Valley township, in Wright county, omitting caption:

"For cause of action, plaintiff states that defendant is a corporation and that it does, and on 14th of October, 1895, did own and operate a certain railroad running through said township and county and through the village or city of Mansfield, situate in said township and county, together with certain locomotives and trains of cars thereon. That said village or city of Mansfield is an incorporated municipality under the laws of this State and has, and on said date had, a code of ordinances in legal operation, and amongst others one prohibiting all locomotives and trains being run on said railroad within the limits of said municipality at a greater speed than six miles per hour.

"That on the aforementioned date plaintiff was the owner of a certain cow of the value of $35, which said cow then and there casually strayed on defendant's said railroad in said village or city of Mansfield, and defendant then and there by its agents and servants negligently and in violation of said ordinance, and without sounding a whistle or ringing a bell, as it was its duty to do, ran a certain locomotive and train of cars on said railroad, through said city or village with great and dangerous and negligent speed, to wit, the speed of twenty miles per hour, by reason of all which negligence defendant's locomotive and train of cars struck and killed plaintiff's said cow in said village or city in said township, to the damage of plaintiff in the sum of $35, for which he asks judgment."

On this statement there was a trial and judgment for plaintiff for $35 and defendant appealed to the circuit court.

On the return of said appeal plaintiff filed in the circuit court the following amended statement:

"For amended cause of action plaintiff alleges that defendant is a corporation and that it does and on the 14th of

October, 1895, did own and operate a certain railroad through the town or city of Mansfield, in Pleasant Valley township, in the county of Wright, and state of Missouri, and across a certain public road or street in said town or city. That on said day plaintiff was the owner of a certain cow of the value of $35, which then and there casually strayed onto defendant's said railroad at a public road or street. That on said day defendant then and there by its agents and servants ran its certain locomotive and train of cars over its said railroad through said town or city and across said public road or street. That in so running its said locomotive and train of cars over and along said railroad and through said town or city and across said public road or street, defendants by its agents and servants so ran the same with a great, dangerous and negligent rate of speed, and negligently without having rung the bell on its said locomotive continuously for the distance of eighty rods before crossing said public road or street and negligently without having sounded its whistle at intervals for eighty rods before crossing said public road or street and negligently without attempting to frighten plaintiff's said cow off the track of said railroad, although they could have seen said cow in time to make the effort to do so if they had been on watch and guard, and negligently without stopping or checking the speed of said locomotive and train, though they could have seen said cow on said track in time to have done so, if they had been on watch and guard. That by reason of all such negligent acts on the part of defendant's agents and servants, and negligent failures of defendant its agents and servants to prevent the same and without stopping said locomotive or train, or checking the speed of the same, or attempting to do so, said locomotive and engine was run against and struck and killed plaintiff's said cow, to plaintiff's damage in the sum of $35, for which he prays judgment."

Defendant moved to strike out this amended statement

because it was a departure from the statement filed in the justice's court, and sought recovery on a new and different ground.

This motion the court overruled, and defendant excepted.

Defendant then demurred on two grounds: First, because the statement failed to state a cause of action; second, because it changed the cause of action from that filed in the justice's court.

The court overruled the demurrer, and defendant declined to participate in the trial, and thereupon the cause was heard and judgment rendered for plaintiff for $30.

Thereupon defendant filed its motion in arrest, which was heard and overruled, and defendant excepted, and afterwards defendant filed its motion for new trial, which was overruled, and it excepted, and then appealed.

I.    The sole question for decision is, did the circuit court err in refusing to strike out the amended statement filed in that court?    Section 6347, Revised Statutes 1889, provides: "In all cases of appeal, the bill of items of the account sued on or filed as a counter-claim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counter-claim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment."

This statute is remedial and should be given a liberal construction.

The original statement, we think, intended to state two grounds of negligence which contributed to the death of plaintiff's cow, to-wit, the negligence in running the train at a greater rate of speed than provided by the town ordi-

nance, and secondly, that the train was run "without sounding a whistle or ringing a bell as it was defendant's duty to do."

It seems obvious that the last ground had no reference to the ordinance because the ordinance contained no such provision. It was an imperfect and unhappy effort to charge defendant with a failure to ring the bell or sound the whistle on its locomotive as it approached the street crossing. That it fell short must be conceded; otherwise, it would have needed no amendment. To make it good it was necessary to charge not only the failure to ring the bell or sound the whistle as required by the statute (section 2608, R. S. 1889), but to allege that the cow was killed by reason of such failure. The amended statement supplied these omissions.

The original statement charged that plaintiff's cow was killed by the negligence of defendant's servants in running its train, on the 14th. of October, 1895, in Mansfield, Wright county.

The amended statement still charges that same general cause of action, but specifically alleges that the negligence consisted in failing to ring the bell or sound the whistle as the train approached the street crossing on which the cow was killed.

This was the same cause of action. It was not the introduction of an entirely new cause.

The amendment was authorized by the statute, and is in harmony with the decisions of this court in Minter v. Railroad, 82 Mo. 128, and cases therein cited.

The test announced by the Supreme Court of Vermont in Daley v. Gates, 65 Vt. 592, cited by BIGGS, J., in his opinion is, in harmony with the opinions of this court. Said the Vermont court: "As long as the plaintiff adheres to the contract or injury originally declared upon, an alternation of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a

new cause of action." If the amendment is merely the same matter more fully or differently laid to meet the possible scope of the testimony it is not a change of the cause of action.

In our opinion the same cause of action, the same injury is counted upon in the amended statement as was the basis of the original statement, and the circuit court properly refused to strike it out. The judgment of the circuit court is affirmed.

*Sherwood* and *Burgess, JJ.*, concur.