STEWART & JACKSON, Respondents, v. JOHN VAN HORNE, Appellant.

### St. Louis Court of Appeals, January 21, 1902.

1. **Pleading**: AMENDMENT, WHEN NOT A DEPARTURE. In the case at bar the identity of the transaction on which plaintiffs based their claim to *a judgment* against the defendant and the form of the action as one sounding in contract, were preserved in the amended petition; and this is the best and most reasonable test by which to determine whether or not an amendment of a pleading, substantially changes the *cause of action so as to be obnoxious to the* rule against departures.

2. ———: ———. In the amendment, merely the same matter is more fully or differently laid to meet the possible scope of the testimony, it is not a change of the cause of action.

3. ———: ———: STATUTORY CONSTRUCTION. Sections 657, 659 and 661, Revised Statutes 1899, permit amendments which do not substantially change the claim or defense.

4. ———: ———. In the case at bar, the original and amended petitions are set out in the opinion, and it is held the amendment does not constitute a departure.

Appeal from Knox Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*L. F. Cottey* for appellant.

(1) The cause of action stated in plaintiff's second amended petition is a departure from the cause of action

stated in the original petition, and the court erred in over-ruling defendant's motion to strike out such amended plead-ing. A petition can not be amended, over the objection of defendant, by the substitution of a different cause of action from that stated in the original petition. There are two tests by which to determine whether a second petition is an amend-ment or a substitution of a new cause of action: first, whether the same evidence will support both petitions; and, second, whether the same measure of damages will apply to both. If these questions are answerable in the affirmative, it is an amendment; if in the negative, it is a substitution. Burn-ham & Co. v. Tillery & Co., 85 Mo. App. 453; Brennan v. McMenamy, 78 Mo. App. 122; Pruitt v. Warren, 71 Mo. App. 84; Clothing Co. v. Railroad, 71 Mo. App. 247; Sears v. Loan Co., 56 Mo. App. 122. (2) Where the cause of action stated in the amended petition is a departure from that alleged in the original petition, the proper remedy of the de-fendant is to file a motion to strike out the amended plead-ing. Sears v. Loan Co., 56 Mo. App. 122; Powell v. Shipps, 85 Mo. App. 467; Lumpkin v. Collier, 69 Mo. 170; Heman v. Glann, 129 Mo. 325. (3) Plaintiffs pleaded perform-ance of the contract alleged to have been made between Clark and defendant. The evidence did not sustain the allegations of the petition in that respect, but tended to establish a waiver on the part of the defendant. It is well-settled law in this State that, when a petition upon a written contract alleges specific performance of the conditions and obligations on the part of plaintiff, there can be no recovery upon a waiver not pleaded. Mahoney v. Reed, 40 Mo. App. 99-109; Lanitz v. King, 93 Mo. 513. This is unquestionably the rule in this State, in regard to all kinds of actions except on policies of insurance. McCullough v. Ins. Co., 113 Mo. 606. (4) The petition alleges that plaintiffs were negotiating with Clark for the sale of defendant's farm, prior to January 1, 1901. The evidence does not support that allegation. "The evidence

offered must correspond with the allegations, and be confined to the point in issue." 1 Greenl. Evid., sec. 51; State to use v. Roberts, 62 Mo. 388; Weil v. Posten, 77 Mo. 284.

*G. R. Balthrope* and *C. D. Stewart* for respondent.

(1) The only contention of appellant in the lower court was that the second amended petition was a departure from the original petition. Counsel for appellant cites a number of cases to sustain that position. We will not take the time and space to criticise each separately. But it is enough to say that a great majority of them are not parallel cases with the one at bar; besides, the tests there referred to have never been the law in this State and are not to-day as applicable to the case at bar. In the case of the Schwab Clothing Company v. Railroad, 71 Mo. App. 241, BRIGGS, J., reviews the cases cited by counsel and clearly demonstrates that they do not apply to this case. In discussing the proposition if the same evidence will support both petitions, he takes up separately, Scovill v. Glasner, 79 Mo. 449; Lumpkin v. Collier, 69 Mo. 170; Parker v. Rodes, 79 Mo. 88; Fields v. Maloney, 78 Mo. 172; Heman v. Glann, 129 Mo. 325; Sims v. Fields, 24 Mo. App. 557; Sears v. Loan Co., 56 Mo. App. 122, and says: "In all the foregoing cases the departures were clear, in that the evidence required to support the amended petitions was different in character from that necessary to establish the averments in the original petition. In other words proof of one would wholly fail to prove the other which would show that the identity of the original cause of action had been destroyed by the amendment. (2) Extension of time for the fulfillment of a contract is not such a modification as to create a departure or a substitution or a variance. In Bick v. Seal, 45 Mo. App. 480, THOMPSON, J., said: "But it is to be remembered that the effect of a ratification is to impart validity to the original agreement. Such act creates no new

obligation; it merely extends the continuance of or legalizes one already in existence." In Sutter v. Raeder, 149 Mo. 308, the plaintiff declared upon a contract dated September 2, 1892, which, according to its terms, expired March 2, 1893. In the progress of the trial it developed that defendant had extended the time to March 16, 1893. MARSHALL, J., said: "Upon either plaintiff's showing or upon the whole case it is therefore plain, that the court was right in holding that there had been no effective contract of modification or substitution entered into and that plaintiff's right under the original contract remained unimpaired." Extension of time does not make a new contract but simply revives the old contract. Watkins v. Ellsworth, 27 Conn. 209. When appellant told Jackson on the seventeenth of January, 1901, to bring Clark out and to proceed to sell him his farm under the written contract, that of itself was a revival and continuation of the original written contract sued on. Chase v. Railroad, 97 N. Y. 384; Hodge v. Newton, 13 N. Y. 139; Good Intent Co. v. Hartzell, 22 Pa. St. 277.

GOODE, J.—Plaintiffs are real estate brokers and instituted this action to recover a commission from the defendant alleged to be due them for making a sale of his farm, pursuant to a written contract entered into between them and him on the tenth day of September, 1900. The point made for a reversal of the judgment is that the second amended petition, on which the case was tried, was a departure—that it substituted a new cause of action for the one stated in the original petition. When said amended petition was filed, appellant moved to strike it out for that reason and, his motion being overruled, refused to plead further or participate in the trial, which thereupon proceeded upon the evidence of the respondents, to a judgment in their favor for three hundred dollars, the amount prayed for in the last petition.

The contract by which the respondents were made ap-

pellant's agents for the sale of his farm was made by filling
up a printed blank form that respondents used, which form
was modified in this instance by striking out some of its terms.
It seems the contract remained in the possession of the re-
spondents after its execution until the ninth day of January,
1901, on which day the appellant got it out of their office dur-
ing their absence, by representing to a man in charge that it
was all right for him to take the contract, as respondents could
go ahead just the same, or words to that effect.   When the
original petition was filed, the contract was still in the pos-
session of the appellant and respondents declared on it as it
would have read if no alteration had been made in the printed
form.   Afterwards, it was produced in obedience to an order
of the court and on inspection of it an amended petition was
filed, declaring on it according to its actual contents.   The
difference between the two petitions which appellant contends
amounts to a departure and a substitution of a new cause of
action, arose in this way.

Had no change been made in the printed form the con-
tract would have read as follows, omitting the description of
the property:

"This contract made and entered into this tenth day of
September, 1900, by and between Stewart & Jackson of Edina,
Knox county, Missouri, parties of the first and John Van
Horne of Knox county, Missouri, party of the second part.

"Witnesseth:   That the party of the second part has this
day placed in the hands of said parties of the first part his
farm   .   .   .

"This contract is entered into for the purpose of allow-
ing said parties of the first part to sell said farm and as a
consideration for the trouble and service of the said parties
of the first part in selling said farm said parties of the first
part shall have and receive the sum of three hundred dollars
and be allowed to retain the same from the first moneys paid
on said sale, *and in the event that said parties of the first part*

*shall sell said farm for more than the sum below named then they, the said parties of the first part shall be allowed in addition to the above named compensation for their services and trouble, one-half all over and above such sum.* In no event shall said parties of the first part sell said land for less than twelve thousand and one hundred dollars, and if said first parties shall fail to sell said farm before January 1, 1901, then this contract shall expire *by party of the second part serving written notice to that effect on parties of the first part;* but if negotiations for the sale of said farm have been commenced by parties of the first part with any purchaser, then in that case said party of the second part shall give said parties of the first part ten days' time in which to close such negotiations. And the said second party hereby authorizes said parties of the first part to enter into a written contract with any purchaser or purchasers and to receive money to bind said contract with said purchasers for him in his name as though he were present at the doing thereof, and said party of the second part hereby binds himself, his heirs, executors and administrators to make a good and sufficient deed for the farm so sold, and it is expressly understood that said second party shall not offer said land for sale for a less sum than is above specified, *and if sold by party of the second part or any other party or parties other than the parties of the first part during the time this contract remains in force, then party of the second part shall pay parties of the first part one-half the same amount as if sold by said parties of the first part.*"

The italicized parts were stricken out before the contract was executed.

The original petition, in addition to praying for the three hundred dollars commission which plaintiffs were to receive if they sold the land for twelve thousand one hundred dollars, alleged that plaintiffs were entitled to one-half of any sum in excess of that amount for which they sold it, to-wit, one hundred and fifty dollars (they having found a purchaser

for it at the price of twelve thousand four hundred dollars)
and prayed judgment for four hundred and fifty dollars.
Said original petition likewise charged that the contract was
to continue in force until the first day of January, 1901, and
thereafter until defendant gave plaintiffs written notice of
its termination. These allegations were omitted from the
second amended petition, which contained also, an allegation
as to the manner in which defendant obtained possession of
the contract. There is no other difference between the two
petitions except in phraseology, the facts alleged being sub-
stantially identical save as to the foregoing allegations.

The cause of action stated is, that defendant constituted
plaintiffs his agents for the sale of his farm by the aforesaid
contract for not less than twelve thousand one hundred dollars,
and agreed to pay them three hundred dollars for making the
sale; that the written agreement was to continue in force until
January 1, 1901; but if a negotiation for the sale of the farm
had been commenced by the plaintiffs with any purchaser be-
fore said date, plaintiffs were to have ten days after said date,
to complete such negotiations; that plaintiffs, immediately af-
ter the date of the contract, undertook to procure a buyer of
the land, and while it was in force, had opened a negotiation
with one Elijah Clark of McLean county, Illinois, for a sale
at the stipulated price; that while said negotiation was pend-
ing under the contract, defendant was notified thereof after
said first day of January, and instructed plaintiffs to go on
with the transaction; that on the seventeenth day of January,
said Clark in pursuance of the negotiation, came to Knox
county, Missouri, where the farm was; plaintiffs notified de-
fendant that they had secured a purchaser for his lands under
the original written contract and defendant thereupon ex-
tended the time of performance of said contract; that plain-
tiffs then took Clark to view the farm, introduced him to the
defendant as a purchaser, and Clark and the defendant agreed
on a sale of the lands to Clark for twelve thousand four hundred

dollars, part cash and part on time, defendant allowing Clark ten days in which to accept the conditions of the sale; that afterwards on the twenty-sixth day of January, Clark did accept said conditions and offered to comply with them and made defendant a tender of the cash payment which had been agreed on, which defendant declined to accept or to make the sale and refused utterly to comply with his contract; that Clark was a solvent buyer, entirely responsible and able to perform his undertaking in regard to the payment for the farm.

The evidence fully established the allegations of the petition, showing that plaintiffs found a responsible buyer to whom the defendant agreed to sell and the defendant afterwards refused to carry out his agreement.

The point made by the appellant that the proof fails to show a negotiation had been commenced between the respondents and Clark for the sale of the farm prior to the first day of January, and that therefore the contract expired on said day, because the provision that it should continue ten days longer only became effective in case a negotiation had been opened before, is without merit. The testimony is positive that the matter had been placed before Clark prior to the first day of January, and as far back as October. As soon as plaintiffs were made agents to sell the farm, they wrote to their correspondents in Illinois, a firm by the name of Schureman & Young, directing them to seek purchasers. These correspondents took up the matter with Clark who finally bought the farm, or agreed with defendant to buy it, as stated. Letters passed between plaintiffs and Schureman & Young in December about this matter, in which Clark was alluded to as a possible purchaser, and on the second or third of January, plaintiffs themselves wrote to Clark in regard to it. The result of the correspondence was that Clark agreed to come to Missouri to look at defendant's farm, as well as others, and did come on the fifteenth day of January. Two days later

he was taken out to view the farm by Jackson, one of the plaintiffs, who telephoned to the defendant prior to going out that a prospective buyer had arrived and asked if he should bring him out to sell him the farm *under the written contract.* Appellant answered that he should. The trip resulted in Clark and Van Horne discussing terms of sale and the latter giving Clark ten days to finally decide whether he would take the lands on those terms. Appellant's contention that there was no evidence that a negotiation with a purchaser had been begun before the expiration of the contract according to its terms is, therefore, refuted.

As to the point that the second amended petition was a departure, it may be said the gist of the cause of action stated in each petition is exactly the same, to-wit: that defendant is indebted to plaintiffs for a commission for selling his farm pursuant to a written contract by which he had constituted them his agents to sell it. Much has been said on the subject of departure in pleadings (more properly called a substitution of a new cause of action or defense) which is unprofitable and wholly inconsistent with the liberal provisions of the code in regard to amendments. In this and other matters of procedure Legislatures have proven to be more progressive than the courts; although a relaxation of the Procrustean forms, narrow logic and scholastic subtlety of the common law in regard to pleading and practice was as necessary to make judicial proceedings a surer means of determining causes according to their merits, as the transition from mediaeval tenures, regulations and policies was to introduce a broad equality of rights into the law. Justice will too often miscarry if the old technical rules of procedure are not qualified by allowing a wide scope to the privilege of making amendments and the success of litigants will turn too much on the dexterity of their counsel. The courts have declared in innumerable instances that the statutes permitting amendments should be liberally construed, but have often decided questions of prac-

tice on the opposite theory; and have especially hampered the right to amend, and partially defeated the purpose of the Legislature by adhering more or less to the old distinctions between forms of action. Tests of what constitute a departure have been sometimes prescribed narrow enough to well-nigh entirely exclude the right of amendment. But we are aware of no test that has ever been adopted by which the amended petition in this case can be held to substitute a new cause of action for the one stated in the original petition. Both actions are in contract and both relate to the same subject-matter; both are for the same services, for the sale of the same lands for the same owner, to the same purchaser, for the same price, at the same time. So too, the same character of proof and the same criterion of damages are applicable to both. The identity of the transaction on which plaintiffs based their claim to a judgment against the defendant and the form of the action as one sounding in contract, was preserved in the amended petition; and this is the best and most reasonable criterion by which to determine whether or not an amendment of a pleading substantially changes the cause of action so as to be obnoxious to the rule against departures. Culp v. Steer, 47 Kas. 746; Spice v. Stewart, 14 Ohio St. 213; Williamson v. Railway Co., 84 Iowa 583; Daley v. Estes, 65 Vt. 592.

In Schwab Clothing Co. v. Railway Co., 71 Mo. App. 241 the subject was discussed in the light of various decisions in this and other States and the criterion above mentioned adopted. The same test was approved by the Supreme Court in one of its late utterances on the question in Rippee v. Railway Co., 154 Mo. 358, where it is said:

"If the amendment is merely the same matter more fully or differently laid to meet the possible scope of the testimony, it is not a change of the cause of action."

See also Lottman v. Barnett, 62 Mo. 159, to the same effect. The statutes permit amendments which do not sub-

stantially change the claim or defense.   R. S. 1899, secs. 657, 659 and 661.   It is reasonable to conclude that the restriction thus placed on the right to amend, otherwise so generously bestowed, ·and so consonant to the enlightened spirit of the code and its purpose to get rid of all technical embarrassments in the administration of justice, was intended to extend no further than is necessary to prevent a party from bringing his action for the redress of a grievance (or interposing a defense) arising out of a certain occurrence and afterwards substituting another cause of action or defense growing out of an entirely different one; to confine a party's pleadings to the transaction first charged to have produced the controversy, and not to exclude an amendment because the two statements of the cause of action merely vary in details.   If this limitation was not imposed on the privilege to amend, a party summoned in an action would never know what case he might be called on to meet, while a plaintiff certainly knows, when he sues, in what particular affair he thinks he was injured. But it is not easy to perceive why an amendment which does not transfer the dispute between the litigants to other events than those originally laid as the ground of complaint, or materially change the substance of the case made by the original petition, should be construed to substitute a different cause of action, particularly if the form of the action is not changed from contract to tort or vice versa.   That is the only limitation imposed by the rules of equity pleading (Hardin v. Bond, 113 U. S. 756) and the amendment statutes consist mainly in making equity procedure applicable to all actions whether heretofore denominated legal or equitable.   We think the tendency of the courts is toward adopting that view, which is the only one that can be made to harmonize with the general tenor of the code in regard to amendments.   To hold that the test is whether the same evidence will support the allegations of the original and of the amended pleading, is to lose

sight of the fact that amendments are usually made, and are permitted, for the very purpose of making the allegations conform to the proof either already introduced or expected to be —to avoid a variance, as was said in Lottman v. Barnett, supra. That rule seems to be unsound, to have been declared on insufficient consideration of the effect it would have in its application to various contingencies that might arise in practice, and to have been modified in later decisions to mean that evidence of like character should support both petitions; which is about the same proposition as that the identity of the cause of action must be preserved.

Appellant insists the amended petition in this case violates the rule laid down in Ross v. Mineral Land Co., 162 Mo. 317, but the amended petition held to have been properly struck out in that case charged the defendants with having entered into a conspiracy to dispossess plaintiffs from their leasehold and as having done the acts complained of as conspirators, whereas, the first petition charged them as simple tortfeasors and on that ground only was the ruling of the circuit court supported. Under the amended pleading, one defendant alone could not have been guilty but must have acted with at least one other; under the original petition one could have been liable even if all the others were shown to have been innocent. The very gist of the occurrence was involved in the change of pleading and this might have involved a total change of proof. The conspiracy would constitute a separate occurrence, wholly distinct from the trespass which followed it and which alone was first charged. That authority by no means requires a ruling that the amendment in the case before us was improperly permitted.

The conflict in the decisions on this subject is partly owing to a failure to distinguish between amendments made before the trial and those made during or after trial. Much more liberality should be extended to a party in respect to amending if he asks to do so in time to give his adversary fair

warning of what he will be called on to meet.    The Court of
Appeals of New York in construing the code holds that a
trial court may, but is not bound to, permit an amendment
before trial substituting an entirely new cause of action.  Dud-
ley v. St. Francois Congregation, 138 N. Y. 451; Deyo v.
Morss, 144 Id. 216.

The fact that a larger sum was claimed in the first peti-
tion in this case than in the amended one, owing to a mis-
apprehension as to the provisions of the contract, which was
not before the pleader when the first petition was drawn, is
relied on by appellant as constituting a departure in that it
calls for a different measure of damages; but it could in no
way operate to his prejudice. The measure of damages in each
case was fixed by the terms of the contract as executed; and
while the amount due plaintiffs, if the terms were as stated
in the second amended petition, was less than would have been
due them according to the allegations made in the original
petition, the standard by which the amount was to be ascer-
tained in either case was the same, namely: the terms actually
stipulated; and both petitions conceded this.    No departure
can be predicated on such difference in the amount of damages
sought.    Chapman v. Currie, 51 Mo. App. 40.

Neither is the position that the first petition declared
on the written contract and the second one on a verbal agree-
ment, well founded.    Both petitions unequivocally charged
that a negotiation had been opened with Clark prior to the
first day of January and that thereafter, when defendant was
notified of that fact, and asked if plaintiffs might continue
to act under the written contract and make a sale pursuant
to its provisions, he agreed they might, accepted a purchaser
whom they brought to him and reaffirmed the written contract
as being still in force although the time in which plaintiffs
should sell the farm as originally limited had expired.    It
thus appears that in each petition, plaintiffs alleged the exten-
sion of the time for the performance of the original agreement

by the defendant and declared on it as thus modified, so that it is idle to claim the same character of evidence would not support both petitions.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.