# U. S. WATER & STEAM SUPPLY COMPANY, Respondent, v. DREYFUS, Appellant.

### St. Louis Court of Appeals, February 16, 1904.

1. **AMENDMENTS.** Amendments are largely discretionary with the trial court, and in a cause pending in the circuit court, which had originated before a justice of the peace, an amendment showing that plaintiff was a corporation was properly allowed.

2. **TENDER: Acceptance of Conditional Tender.** The acceptance of a tender which is made upon condition that it is in full satisfaction of the debt, does not discharge the balance unpaid, or bar an action therefor, unless there is a dispute in good faith as to the amount due; there is no consideration for such acceptance.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*Wright Bros. & Blair* for appellant.

(1) The plaintiff should not have been allowed to amend the statement showing that it was a corporation after the trial had begun. Defendant denied his liability for any amount except the $14.32 which amount he tendered in full settlement, which amount was accepted with the conditions offered. Plaintiff can not accept a tender and prescribe terms of acceptance. It could only accept in full settlement or reject and return the amount tendered. Adams v. Helm, 55 Mo. 468. (2) The letters of defendant to plaintiff disclose terms of tender; the other evidence abundantly discloses a disagreement as to amount and liablity. School Board v. Hull, 72 Mo. App. 403. (3) There was a novation which released defendant except as to the $14.39; there was a tender of the $14.39 with a condition which was accepted and defendant was released in full. There was a dispute or contention as to liability and as to the amount. Waack v. Schneider, 51 Mo. App. 92, 100-2.

*Heffernan & Heffernan* for respondent.

(1) A tender to be sufficient must be unconditional. Henderson v. Cass Co. 107 Mo. 56. A partial payment of a debt is ordinarily no satisfaction of the residue. Young v. Schofield, 132 Mo. 652; Comstock v. Lenger, 78 Mo. App. 390. (2) The court properly allowed the amendment. The Weed Sewing Machine Co. v. Philbrick, 70 Mo. 646; Stewart v. Glenn, Adm., 58 Mo. 481. Amendments should be liberally allowed in furtherance of justice. Ragan v. Railroad, 111 Mo. 456. Provided the amendment does not change the cause of action. Hobel v. Railroad, 140 Mo. 159; Heman v. Galme, 129 Mo. 325. (3) Objection that verdict or finding is excessive can not be made the first time in appellate court. Orr v. Rode, 101 Mo. 387; Ridenhouse v. K. C., 102 Mo. 270-299. (4) Where judgment is manifestly for the right party the court will not reverse. Orth v. Dorschilia, 32 Mo. 366; Heny v. Railroad, 113 Mo. 525; Burns v. City of Liberty, 131 Mo. 372; Comfort v. Ballingal, 134 Mo. 281.

REYBURN, J.—From a judgment before a justice of the peace, defendant appealed to the circuit court of Greene county, where he raised the objection that the account sued on did not show upon its face whether respondent was a partnership or incorporated; the court permitted respondent to add the words "a corporation" to its title and subsequently an amended statement was filed by leave of court and a jury being waived, the case proceeded to trial before the court.

The evidence developed that appellant, a resident of Springfield, bought a bill of goods from respondent at office of the latter in Kansas City, amounting to $104.39, for cash, the shipment was made but payment was withheld despite repeated demands for the debt, and in the end the appellant sent a draft for $14.38, together with an order on one Seymour for $90, to be in

full settlement of the indebtedness.     Respondent declined the order and returned it, but placed the $14.38 to the credit of appellant and subsequently brought this action for the balance.

The testimony on behalf of plaintiff was in form of depositions of witnesses in its employ conversant with the transaction and some correspondence between the parties.   At trial in the circuit court, the appellant first testified and stated that before purchasing the merchandise an agreement was had with respondent, through its secretary and manager, that an indebtedness of $90 from one of plaintiff's workmen, one Seymour, to defendant, should be accepted by the plaintiff in payment of any goods bought, and if the amount of his purchase exceeded the sum due by Seymour, a draft for such difference would be accepted and that he bought on such condition and terms.  On cross-examination he conceded that such defense was not made before the magistrate, that in three letters written to plaintiff after buying, he made no mention of such arrangement and in frequent subsequent visits to Kansas City he had not visited plaintiff's place of business to claim benefit of the agreement, explaining that he took it for granted that plaintiff understood it, or it had escaped his own recollection in writing, and that he had communicated with plaintiff by telephone in Kansas City, asking a compromise before suit was brought.   Pending the cross-examination of defendant, at request of plaintiff's attorney, an adjournment was granted to the next day to afford plaintiff's manager referred to in defendant's testimony, whose deposition had been taken and offered, an opportunity to appear at the trial and upon his arrival from Kansas City, he further testified orally, detailing the only conversation with defendant in which defendant made inquiries regarding his debtor Seymour, and requesting plaintiff's aid in enforcing payment, which was refused, and denying also defendant's version of the telephone communication, and stating that after

the first conversation with defendant he heard no more of the account against Seymour until the order accompanied the draft. At the close of the testimony, the court refused an instruction for defendant to the effect that if the court found that plaintiff demanded of defendant an account for $104, and defendant then disputed the claim and as a result of such contention defendant tendered plaintiff $14.38 in full of all demands, and plaintiff retained such sum, the finding should be for defendant, and declared the law to be that the rule did not apply to this case, because there was no dispute about the amount due, and rendered judgment for plaintiff.

1. The amendment sanctioned by the court descriptive of plaintiff's corporate character was plainly within the scope of the statute. R. S. 1899, sec. 657. Amendments are largely discretionary with the trial court and are to be favored and freely and liberally allowed in furtherance of justice. The amendment entitling the plaintiff corporation in conformity to such undisputed fact could not in anywise prejudice defendant and was properly permitted. Stewart v. Van Horne, 91 Mo. App. 647; Hixon v. Selders, 46 Mo. App. 275; Goddard v. Williamson's Admr., 72 Mo. 131.

2. The law is well settled that an acceptance of a tender of part of a liquidated indebtedness, qualified by the debtor by condition that its acceptance shall be in full satisfaction, does not discharge the balance unpaid or bar an action therefor, unless the dispute as to the sum due is in good faith, otherwise there is no consideration for the acceptance of the lesser for the greater sum. St. Joseph, etc., v. Hull, 72 Mo. App. 403. Regarded most favorably for defendant, the trial court found that the contention regarding the amount of indebtedness from defendant to plaintiff was not made in good faith, and that no just ground existed for such attempted dispute, and this finding is well supported by

the evidence, and the judgment being manifestly for the right party, is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.