CLARKSON, Respondent, v. LEE, Appellant.

St. Louis Court of Appeals, November 5, 1908.

PLEADINGS: Amendments. In an action for rent for the year beginning August 1, 1905, and ending August 1, 1906, the petition declared on a lease executed in 1902. Subsequently the plaintiff filed an amended petition declaring upon a lease dated in 1900. Both petitions demanded rent for the same year on the same land. The amendment was permissible under the code.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Russell & Deal* for appellant.

To determine whether the second petition is an amendment or the substitution of a new cause of action, the following tests must be applied: *First.* The same evidence must support both petitions. *Second.* The same measure of damages must apply to both petitions. Scorill v. Glasner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Purdy v. Pfaff, 104 Mo. App. 331.

*H. C. O'Bryan* and *Joslyn & Haw* for respondents.

Neither contract was the cause of action, but, on the contrary, the annual rental on 125 acres of land, described alike in each petition, was the cause of action. The two petitions declare for rent on the identical lands, for the same year.   Rippee v. Railroad, 154 Mo. 358; Burnham & Co. v. Tillery & Co., 85 Mo. App. 453; Stewart & Jackson v. Van Horne, 91 Mo. App. 647; Walker v. Railroad, 193 Mo. 453.

BLAND, P. J.—The action is to recover $3.50 per acre as rent for 125 acres of agricultural lands (described in the petition) for one year, beginning August 1, 1905, and ending August 1, 1906.   The petition states that the contract of lease was entered into on December 16, 1902, by Fannie Clarkson, the then guardian of plaintiff, and the defendant; that plaintiff attained her majority before the commencement of the suit, etc.   On October 1, 1906, defendant appeared to the action by attorney and filed a general denial.   On the third day of April, 1907, plaintiff filed an amended petition in which she alleged that the same lands described in the original petition were leased by Fannie Clarkson, plaintiff's then guardian, to defendant on November 10, 1900, at a rental of $3 per acre, and that this contract was in writing; that the written contract "is lost and the

dates unknown to plaintiff till yesterday, but is the same contract declared upon in the original petition." On April 4, 1907, defendant moved to strike out the amended petition on the ground that it substituted a new cause of action. In said motion defendant set forth *in haec verba* what he alleged to be copies of two written leases entered into between himself and Fannie Clarkson, as guardian of plaintiff and other minors, one of which is dated December 16, 1902, and the other November 10, 1900. The lands described in the petition are not described in the lease of December 16, 1902, but are expressly excluded from the lands described therein. They are included in the lease of November 10, 1900, which, as to the lands described in the petition, was to expire August 1, 1906. The leases were not offered in evidence on the hearing of the motion to strike out and no offer was made to prove the copies filed with and made a part of the motion. The court overruled the motion, whereupon defendant, after saving his exceptions, declined to plead further to the amended petition. The court heard plaintiff's evidence and rendered judgment in her favor for $390. In due time defendant filed a motion in arrest of judgment which the court overruled, whereupon defendant appealed and brings the case here on the record proper.

1. The only question for decision is whether or not the amended petition substituted a new cause of action. The action stated in the original petition is for one year's rent for 125 acres of land described in the original petition at $3 per acre, the rent year beginning August 1, 1905, and ending August 1, 1906. The amended petition alleged that the lease was executed November 10, 1900, that it was lost and the dates were unknown to plaintiff until the day before the amended petition was filed but that it is the same contract declared upon in the original petition. Both petitions are for the same year's rent for the use of the identical lands, and

both allege the lease of this land was in writing and signed by the identical parties. To maintain her action on either petition, plaintiff was bound to produce a written lease. The lease of December 16, 1902, did not correspond with the allegations in either of the petitions for the reason the lands described were not included in that lease. The amended petition states that the dates of the lease and the rent per acre upon which the suit is based are erroneously stated in the original petition, and states as an excuse for the error that the lease was lost and the knowledge of the true dates and rate of rent first came to plaintiff the day previous to filing the amended petition; was filed for the purpose of correcting errors as to dates, etc., contained in the original petition and for the purpose of avoiding a like amendment at the trial on the offer of the lease of 1900 in evidence, which would likely have resulted in a continuance of the cause at plaintiff's cost. The gist of the action as stated in both petitions is to recover rent on the same lands for the same year. The same injury (refusal to pay a year's rent) is complained of in both petitions and both alleged the breach of a written contract, and the mere fact that the date of this contract and the per acre rent erroneously stated in the original petition were corrected in the amended petition was not a substitution of a new cause of action but a simple amendment to conform the allegations of the petition to the dates, etc., of the contract sued on. The amendment was permissible under the code in furtherance of justice, and the trial court did not err in overruling defendant's motion to strike it out. [Rippee v. Railroad, 154 Mo. 358, 55 S. W. 438; Walker v. Railroad, 193 Mo. l. c. 478, 92 S. W. 83; Stewart & Jackson v. Van Horne, 91 Mo. App. 647; U. S. Water & Steam Supply Co. v. Dreyfus, 104 Mo. App. 434, 79 S. W. 184; Coleman v. Land & Lumber Co., 105 Mo. App. 254, 79 S. W. 981.]

The judgment is affirmed. All concur.