## THOMAS B. INGWERSON, Appellant, v. CHICAGO & ALTON RAILWAY COMPANY et al., Respondents.

**St. Louis Court of Appeals, July 12, 1910.**

1. **PLEADING: Amended Petitions: Successive Amendments: Departure.** The first or original petition filed in a cause is the standard by which the identity of the cause of action relied on is to be thereafter determined, when successive amended petitions are filed.

2. **COMMON CARRIERS: Carriage of Freight: Duty of Carrier.** In an action against a common carrier for breach of its common law obligation to transport and deliver cattle within a reasonable time, the carrier's liability attached only upon delivery of the cattle to it for transportation; and upon such delivery, the law required it to transport the cattle to destination within a reasonable time, and by so doing it would discharge the full measure of its duty in the premises.

3. **PLEADING: Amended Petition: Departure.** So long as the gist of the action in a proposed amendment to a petition remains the same, although the alleged incidents are different, it is regarded as the same cause of action and not the substitution of another; but the proposed amendment must not only relate to the same transaction, but must adhere as well to the contract or injury originally declared on, sufficient, at least, to maintain in a general way the identity of the cause of action first stated so that the character of the proof will remain about the same.

4. **COMMON CARRIERS: Carriage of Freight: Delay in Transporting: Pleading: Amended Petition: Departure.** Where a petition for delay in a shipment of cattle sounded in tort as for breach of the obligation to ship in a reasonable time after delivery to the carrier, an amended petition bottomed on the false and fraudulent representations of the carrier's agent made to the shipper before delivery of the cattle to the carrier as to the time in which they would be shipped, no sufficient allegations being made as to delay after the goods were delivered to the carrier, states a cause of action different from the original petition, and is properly stricken from the files.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

' *P. H. Cullen, Tapley & Fitzgerrell* and *I. C. Dempscy* for appellant.

(1) The decision and judgment of the Supreme Court in this cause in 205 Mo. 328, remanding the cause, opened the case for amendments. Wollman v. Leowen, 108 Mo. App. 581; Needles v. Burk, 98 Mo. 474. (2) Joining the Chicago & Alton Railroad Company as party defendant, same being a new consolidated company made up of the Chicago and Alton Railway Company et al., does not have effect to set up a new cause of action. Kinion v. Railroad, 39 Mo. App. 382; second case same parties, 39 Mo. App. 574; Black v. Railroad, 110 Mo. App. 198; Lighting Co. v. Hobart, 98 Mo. App. 227; State ex rel. v. Smith, 173 Mo. 398; Thompson v. Abbott, 61 Mo. 176. (3) The third amended petition stricken out states the same cause of action as the original and all other petitions filed in the cause. The original petition although abandoned for the purpose of presenting a right of action remains the standard for all amendments. Purdy v. Pfaff, 104 Mo. App. 331; Ross v. Land Co., 162 Mo. 317; Sanguinett v. Webster, 153 Mo. 343; Knight v. Railroad, 120 Mo. App. 311; Robertson v. Railroad, 21 Mo. App. 633; Bernard, Admr., v. Mott, 89 Mo. App. 403; Bick v. Vaughan, 120 S. W. 618. (4) If the amended petition upon which the case was tried was a variance from the original petition by answering and going to trial the point was waived and forever lost. Bank v. Crump, 116 Mo. App. 371; Scoville v. Glasser, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Bernard, Admr., v. Mott, 89 Mo. App. 403; Grymens v. Lumber Co., 111 Mo. App. 358; Anderson v. Railroad, 129 Mo. App. 384. (5) The court having

given appellant leave to file his third amended petition no penalty could be imposed upon him and rule in respect to *res judicata* has no application. Ross v. Land Co., 162 Mo. 317. There was no final judgment in the Pike county circuit court on motion to strike out and the merits were not passed on. Wells v. Moore, 49 Mo. 229; Spradling v. Conway, 51 Mo. 51; Paving Co. v. Field, 97 S. W. 179; Gordon v. Burris, 125 Mo. 39. (6) The same cause of action is alleged in all of the petitions. Rippee v. Railroad, 154 Mo. 358; Walker v. Railroad, 193 Mo. 453; Cytron v. Transit Co., 205 Mo. 692; Ingwersen v. Railroad, 116 Mo. App. 139; Colman v. Land & Lumber Co., 105 Mo. App. 254; Bricken v. Cross, 163 Mo. 449; Scovill v. Glasner, 79 Mo. 449.

*Scarritt, Scarritt & Jones* for respondents.

It is discretionary with the trial court, after considering all the surroundings and circumstances of a case whether or not an amendment to a petition shall be allowed. Section 657, Revised Statutes 1899; Caldwell v. McKee, 8 Mo. 335; Stewart v. Glenn, 58 Mo. 486; Singer Mfg. Co. v. Givens, 35 Mo. App. 607; Ensworth v. Barton, 67 Mo. 622.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff on account of defendant's negligence in transporting a number of cattle to the Chicago market. An amended petition was stricken from the files on the theory that it substituted a new and distinct cause of action for that originally declared upon. Plaintiff, having declined to further plead, a judgment of dismissal was thereupon entered against him from which he prosecutes the appeal.

The only question for consideration is as to whether or not the amended petition so stricken from the files substituted a new and distinct cause of action for that asserted in the original pleading. The original petition

avers in substance that defendant is a common carrier of live stock and as such operates a railroad from Bowling Green, Missouri, to Chicago, Illinois; that plaintiff delivered to it for transportation to the Chicago market a number of fat cattle whereby it became obligated to complete the transportation with due care and within a reasonable time; that defendant so negligently and carelessly conducted itself with respect to the shipment of cattle as to delay the transportation and thereby breach its obligation to deliver them on the Chicago market within a reasonable time after the shipment was commenced; that because of defendant's negligence and carelessness in the premises, the cattle were delivered in Chicago too late for the market on the day intended and thus entailed a considerable loss upon plaintiff through the shrinkage of the cattle, his expenditure for feed in holding them for the market on the following day, etc. It is further averred the market on the character of cattle involved in the shipment was considerably lower on the day on which they were sold, that is, the day succeeding the one on which they should have been delivered, had defendant performed its full duty in the premises, and there was a loss on this account. Damages are laid in the sum of several hundred dollars and prayed for accordingly. Afterwards, two amended petitions were filed and finally a third one. The present appeal relates only to the question as to whether or not the third amended petition substitutes another cause of action for that first charged, for there can be no doubt of the general proposition that the first or original petition filed in the cause is the standard by which the identity of the cause of action relied upon is to be thereafter determined when amendments are made. [Bick v. Vaughan, 140 Mo. 595, 120 S. W. 618; Purdy v. Pfaff, 104 Mo. App. 331, 78 S. W. 824.]

The third amended petition, which was stricken from the files on defendant's motion as though it constituted a departure, after formal averments, alleges for

a cause of action substantially that plaintiff shipped over defendant's railroad the same number of cattle and on the same date mentioned in the original petition to the Chicago market on which shipment he sustained a considerable loss and damage through defendant's negligence and carelessness, as hereinafter set forth. For further specifications with respect to the matter, plaintiff avers that, desiring to ship such cattle, he made inquiries of defendant's station agent at Bowling Green and sought to ascertain whether defendant's railroad was in any way obstructed between that place and Chicago and whether trains were being delayed in consequence of cold weather and snow which had recently fallen. At the time he made such inquiries, he informed defendant's agent that he had certain fat cattle which he desired to ship and sell on the market at Chicago but would not then do so if there was any danger of delay in their transportation; that in response to such inquiries the station agent informed and assured him that defendant's railroad was running its trains on regular time and there was nothing which would hinder or prevent his cattle from being transported and delivered for the early morning market intended; that not later than six o'clock on the following morning in order to be certain as to the matter, plaintiff called defendant's station agent over the telephone and inquired a second time if the trains on its railroad were being delayed in any manner and was informed by the agent that they were not. It is averred that the agent said the stock train would reach Bowling Green at eight o'clock that morning and plaintiff, relying upon said statements of the agent and believing them to be true, was induced thereby to and did about seven o'clock on the morning of that day move his cattle from his farm to defendant's stock pens for the purpose of shipping them; and he alleges and avers the fact to be that all of said statements of said station agent were false and untrue and so known to said agent at the time; that as a matter of fact de-

fendant's trains were being delayed partly by cold weather and partly through the negligence of defendant and the train on which plaintiff expected to ship his cattle did not reach Bowling Green station and did not commence the carriage of said cattle until after twelve o'clock of that day. Plaintiff, still relying on the statement of defendant's agent, delivered his cattle to defendant for transportation to the city of Chicago and said railroad agreed to carry them over its railroad to the Union Stock Yards in that city for which plaintiff paid the usual freight charges, etc. Plaintiff avers that he shipped his cattle to the Chicago market for the purpose of selling the same thereon and of this fact defendant's agent was fully advised; that in consequence of the negligent conduct of defendant in connection with the said carriage of said cattle, viz., "the negligence and wrongdoing herein complained of and bad management of said train and the negligent delays before and after leaving said city of Bowling Green, plaintiff's said cattle did not reach said Union Stock Yards in time to be sold on the market," etc., etc. It is further averred in consequence of defendant's negligence and carelessness in the premises plaintiff was required to hold his cattle in Chicago until the following day when they were sold upon the market at a price greatly reduced from that which he would have received on the preceding day; that they had suffered a considerable shrinkage and thus entailed loss besides an expenditure laid out in feeding and caring for them after reaching Chicago, all of which items of damages he seeks to recover, in the sum of several hundred dollars.

There can be no doubt that the third amended petition above mentioned substitutes another cause of action for that declared upon in the original petition. The original petition proceeds as for tort arising from the fact that defendant breached its common law obligation to transport and deliver the cattle within a reasonable time. The amended petition seems in a manner to savor

of a contract though choice words indicating tort are employed throughout. We will treat it as attempting to change an action in tort as the pleader evidently so intended. Under the charge laid against defendant in the original petition, its liability attached only upon the cattle being delivered to it for transportation at the city of Bowling Green, which appears to have been about noon on the day mentioned in the petition. [4 Elliott on Railroads (2 Ed.), 1403, 1404.] Upon the delivery of the cattle to defendant, the obligation of the law attached to the end that it should transport them to destination within a reasonable time and by so doing it would have discharged the full measure of its duty in the premises.

It is difficult to ascertain from the allegations of the third amended petition whether plaintiff complains of the same breach of duty or not, for nothing is said therein as to the failure of defendant to exercise care or transport the cattle within a reasonable time after it received them. The burden of the third amended petition relates instead to certain false representations which it is alleged the station agent made to plaintiff to the effect the road was then operating promptly and that its train would arrive at Bowling Green at eight o'clock that morning to receive the shipment; and that such representations were false and untrue and so known to be by the agent at the time they were made. It is said they were negligently and carelessly made, also that they were false and untrue and so known to be. It thus seems if they were negligently made they were willful as well, if such can be true in point of fact. Plaintiff says he relied upon the representations of the station agent and delivered his cattle upon the train about noon instead of about eight o'clock in the morning as he expected to do; that because of defendant's negligence *both before and after* he delivered the cattle, his loss was entailed, etc.

It is unnecessary to decide whether or not the rep-

resentations of defendant's agent so averred constitute a grievance which will support an action for damages and the question will not be considered. It is sufficient to say here that such representations and such matters and things, either negligent or willful, which occurred through the conduct of the agent before defendant received the cattle for shipment, are not germane to the cause of action originally declared upon for a breach of duty in transporting the cattle within a reasonable time.

Amendments are allowed under the code with great liberality as appears from our statute, sections 657, 659, Revised Statutes 1899; sections 657, 659, An. St. 1906. Amendments are allowed under section 657 when they do not charge substantially the claim or defense, and the better considered authorities go to the effect that they will be allowed as long as the general identity of the original transaction affording the ground of complaint is maintained and adhered to. As long as the gist of the action remains the same in the proposed amendment, although the alleged incidents are different, it is regarded as the same cause of action and not the substitution of another, but the authorities rule that the proposed amendment must not only relate to the same transaction, but must adhere as well to the contract or injury originally declared upon, sufficient, at least, to maintain in a general way the identity of the cause of action first stated, so that the character of the proof will remain about the same. The rule proceeds in the interests of natural justice, for it is highly important that the general identity of the cause of action be maintained to the end of the notice which it affords by implication of the general character of proof the adverse party is called upon to meet. [Stewart & Jackson v. Van Horne, 91 Mo. App. 647; Clothing Co. v. St. Louis, I. M., etc., R. Co., 71 Mo. App. 241; Walker v. Wabash R. Co., 193 Mo. 453, 474, 475, 476, 477, 478, 92 S. W. 83; Rippee v. K. C., etc., R. Co., 154 Mo. 358, 55 S. W. 438;

Lottman v. Barnett, 62 Mo. 159.] If the proposed amendment predicates on a different matter or another subject of controversy, it is clearly a substitution and should not be allowed. [1 Ency. Pl. and Pr., 564.] The amended petition substitutes for the original cause of action on the obligation of the law, which attached only upon the delivery of the cattle to defendant for transportation, a grievance which plaintiff seems to have against defendant on account of the conduct of its agent in negligently and carelessly making false representations to him about the time the train would arrive whereby he was induced to remove the cattle from his farm to the stock pens and for the negligence of defendant before the train arrived to commence the transportation, for it is to be noted there is no complaint in the proposed amended petition with respect to defendant's failing to transport the cattle within a reasonable time after they were loaded. The allegations of this petition relate to the negligence of the agent before the obligation of the common carrier attached and the negligence in managing its train before and after that fact but nothing therein sufficiently indicates a breach of duty after the cattle were loaded. It may be said as there is a slight averment contained in the petition of negligence after the obligation of the common carrier attached, those relating to the conduct of the agent and the management of the train before it reached Bowling Green should be treated as surplusage and the amendment regarded sufficient on this ground. But if we eliminate from the petition these allegations, which are in no respect germane to the original cause of action declared upon, there will remain a wholly insufficient averment as to defendant's dereliction of duty after the obligation originally sued upon attached. All of the averments of the third amended petition, which, when read together, point anything definite in the law relate to some grievance as to the defendant or its agent before the obligation of defendant attached to transport the

cattle within a reasonable time and such was the entire cause of action originally declared upon. The two grievances, one as portrayed in the original petition and the other proposed in the third amended petition are so entirely different and distinct that it is obvious the same character of proof may not be relied upon to support them to any extent. The third amended petition sought to substitute another cause of action for that first declared upon and it was properly stricken from the files. The judgment should be affirmed. It is so ordered. All concur.