## THE STATE ex rel. SONS, Collector of the Revenue of Barry County, Appellant, v. HOLLAND.

### Division One, February 15, 1905.

APPELLATE JURISDICTION: Poll Tax Suit: Insufficient Statement. Where the sole question involved in the appeal is whether any sufficient statement was filed with the justice of the peace to constitute a cause of action in a proceeding to collect by suit a poll tax of three dollars, the Supreme Court has no jurisdiction of the appeal. That does not involve a construction of the revenue laws, but is merely a question of practice.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*E. C. Frost* for appellant.

*Davis & Steele* for respondent.

MARSHALL, J.—This is an action to recover a delinquent poll tax of three dollars, for the year 1900, due to Capp's Creek Road District, in Barry county. It was begun on April 3, 1901, by B. D. West, the constable of Capp's Creek township, filing with the justice

of the peace of said township, a list of the delinquent poll taxes, duly certified by the collector of said county, which showed some forty delinquents, the defendant among the number. The justice did not mark the delinquent list filed—he says he forgot to so mark it—but, of his own motion, he made out and filed the following statement:

"Account against John Holland for $3.00 delinquent poll tax in Capp's Creek Road District. Filed April 3, 1901. W. D. McMillan, J. P."

A summons was issued and on the return day the parties appeared and tried the case. The justice rendered judgment for the plaintiff on the seventeenth of April, 1901, and the defendant appealed to the circuit court on April 26, 1901.

On the tenth of February, 1902, the plaintiff filed in the circuit court the collector's verified list of delinquent poll taxpayers. On the same day, the defendant filed a motion to dismiss the cause on the ground that the circuit court had no jurisdiction over the subject-matter, or of the person of the defendant, for the reason that no cause of action was filed with the justice of the peace, and no cause of action is stated in the cause. On the same day the plaintiff filed an amended statement in the circuit court, as follows:

"H. P. Sons, Collector of Barry county, Missouri, to the use of Capps' Creek Township Road District, Plaintiff, v. John Holland, Defendant. Plaintiff for amended statement says that the defendant owes Capp's Creek Township Road District the sum of three dollars, his delinquent poll tax for the year 1900, for which he prays judgment."

On the same day, the defendant filed a motion to strike out the amended statement for the reason, "that said amended statement does not state any cause of action, and for the reason that the plaintiff named has no right or authority to file the amended statement be-

cause the court has no jurisdiction over the subject-matter.''

The court heard the testimony of the justice of the peace and of the constable, which showed that the constable got the delinquent list from the clerk of the collector, and gave it to the justice and asked him to institute the suit; that the justice had the list for about two hours, and forgot to mark it. filed; but permitted the constable to withdraw it for the purpose of instituting suits against the other delinquents therein named. The circuit court entered judgment dismissing the cause, because there was no statement filed with the justice of the peace. After an unsuccessful motion for a new trial, the plaintiff appealed.

The defendant contents himself with urging that the abstract of the record is insufficient. However that may be, it is not the province of this court to decide, for this court has no appellate jurisdiction of this case. *Inter alia,* this court has appellate jurisdiction in cases ''involving the construction of the revenue laws of the State.'' But no such construction is involved or was raised in or passed on by the trial court in this case. The sole point raised in the lower court, upon which that court acted in dismissing the case, was that no sufficient cause of action was filed before the justice of the peace. That was merely a question of practice, which might be raised in any case, and did not involve a construction of the revenue laws of the State. The amount involved does not bring the case within the appellate jurisdiction of this court, and no constitutional or federal question was raised in the case.

The case, therefore, is within the jurisdiction of the St. Louis Court of Appeals, and hence it is transferred to that court.

All concur.