THE STATE at Relation and to Use of W. C. HIBBS, Treasurer and Ex-Officio Collector of the Revenue of Texas County, v. W. J. McGEE, Trustee Under Will of W. A. NEWTON, L. L. NEWTON, D. L. NEWTON, ROLLIE H. NEWTON, BLANCH BOOZ, ANNIE F. KIDSON, ELLA S. DEEWALL, LAURA A. ALSTROM, HENRY F. CRAIG, SANFORD D. CRAIG, WILLIAM C. NEWTON, IRENE RAMSEY, THOMAS NEWTON, CORA NEWTON, LORINDA NEWTON, OSCAR NEWTON, H. A. CRAIG, and NEWTON BURIAL PARK, Appellants.—44 S. W. (2d) 36.

Division One, November 20, 1931.

*M. T. January* for appellant Newton Burial Park.

*Barton & Moberly* for respondent.

ATWOOD, J.—The Treasurer and *ex-officio* Collector of Texas County, Missouri, brought suit in the circuit court of said county for delinquent taxes, accrued interest and costs against W. J. McGee, sole surviving trustee under the will of W. A. Newton, deceased, the Newton Burial Park, a corporation, and other alleged claimants of a trust fund assessed for said taxes who are named as the remaining appellants in caption hereof. Defendant, Newton Burial Park, filed separate demurrer to plaintiff's amended petition, and the other defendants also demurred. All demurrers were overruled, defendants refused to plead further, and at its November Term, 1928, said court adjudged, decreed and ordered that plaintiff recover of and from the defendants a special judgment for the sum of $1337.95, together with costs, including attorney's fees, and have a lien therefor against said trust fund in the hands of the clerk of said court, and that said clerk pay said judgment out of said fund in whatever form it might be converted or transferred, and that special execution issue therefor. From this judgment defendants have appealed.

One of the pleaded grounds of demurrer urged in this appeal is that the petition fails to state a cause of action against any of the defendants. In our further discussion of the case it will appear that this is not a mere question of practice, as in State ex rel. v. Holland, 186 Mo. 222, 85 S. W. 356, but fairly involves the construction of revenue laws of the State. [State ex rel. v. Adkins,

221 Mo. 112, 119 S. W. 1091, and cases cited; State ex rel. v. Haphe (Mo. Sup.), 31 S. W. (2d) 788; State ex rel. v. Young (Mo. Sup.), 38 S. W. (2d) 1021, and cases cited.] Hence, we have jurisdiction.

It appears from said petition that the tax in question·is upon $50,500 in money and notes therein alleged to have been duly assessed for the year 1924 to W. J. McGee, sole surviving trustee under the will of W. A. Newton, deceased. It further appears that thereafter, on June 6, 1926, the said W. J. McGee "paid said money in to the Texas County Circuit Court until it should be determined which of the defendants were the actual owners of same and entitled thereto; that the defendants herein, other than the said W. J. McGee, are still litigating for the said amount and that the greater part of said money is still in the hands of the Circuit Clerk of Texas County." Said petition also alleged the adoption of township organization by Texas County and that same was in full force and effect at all dates therein mentioned; that the domicile of said defendant, W. J. McGee, was in Piney Township, in said county, and that the property assessed as aforesaid was "the personal property of said defendant, as owner thereof." The other allegations contained in said petition are conventional, and the concluding part of said petition is as follows:

"Wherefore, the State of Missouri, at the relation and to the use of W. C. Hibbs, Collector of the Revenue within and for said Township of Piney, County of Texas, Missouri, prays judgment at the relation and to the use aforesaid, for the sum of $1337.95, aggregate amount of said taxes, interests and clerk's fees, with interest thereon at the rate of ten per cent per annum from the date of making out said back tax book, together with fees, commissions and costs of this proceeding, and that the same be declared a lien in favor of the State of Missouri, for the amount due on said personal property respectively, and that the lien be enforced, and said personal property, or so much thereof as may be necessary to satisfy said judgment, interest, clerk's fees, commissions and costs thereon, be sold, and that an execution be issued thereon.

"Plaintiff further states that said money, being in the hands of the circuit clerk and not assessed to the said circuit clerk, would not be subject to execution; that plaintiff has no adequate remedy at law for collection of said taxes; wherefore, plaintiff prays the court as the court of equity to order the said clerk to pay all of said taxes and costs out of the funds in his hands."

The judgment rendered in said cause, omitting caption, is as follows:

"Now on this 17th day of November, 1928, comes the said plaintiff, W. C. Hibbs, in person and by counsel, and the defendants appear by counsel and file demurrers to plaintiff's petition, which de-

murrers are by the court overruled and that defendants refusing to plead further and it appearing by the petition that the plaintiff is entitled to recover of and from the defendants the sum of $1337.95 taxes, interest and clerk's fees, and the sum of $133.79 attorney fees and taxes for the year 1926; that the defendant, W. J. McGee, is the sole surviving trustee under the will of the late W. A. Newton, deceased, and was on the 1st day of June, 1925, a resident of Piney Township, Texas County, Missouri, and has in his possession the sum of $50,500 in money and notes, and that the same was duly assessed and taxes legally levied thereon in the amounts above named for the year 1926; that said money has since the date of its assessment, the amount left of such fund consisting of $25,296.85, been paid into the hands of the Circuit Clerk of Texas County, by the said trustee and that said trustee has been discharged by an order of court and that all of the other defendants except the trustee and the circuit clerk are interpleading for such money and they are still litigants therefor, and the money is still in the hands of the Circuit Clerk of Texas County; that such clerk is not subject to execution or garnishment and that plaintiff has no adequate remedy at law by which to collect such taxes.

"The court further finds that the aggregate amount of taxes, interest and clerk's fees is $1337.95, and that the same, together with costs in this action, is a charge and lien in favor of the State of Missouri, against the said moneys in the hands of the circuit clerk aforesaid.

"Wherefore, it is adjudged, decreed and ordered by the court that the plaintiff recover of and from the defendants a special judgment for the sum of $1337.95, together with the costs in this suit, including attorney fees, and have a lien against the money aforesaid, in the hands of the circuit clerk aforesaid, for the amount of taxes, interest and cost herein adjudged as above set forth, and that the circuit clerk pay out of the funds in his hands the said judgment and cost above mentioned, and that the plaintiff be entitled and authorized to collect this judgment out of the funds now in the hands of the circuit clerk, in whomsoever hands and whatever form it may be converted or transferred, and that special execution and order issue therefor."

Did plaintiff's petition state a cause of action? In the early case of City of Carondelet v. Picot, 38 Mo. 125, 130, we held that the levying of taxes is a matter solely of statutory creation, and no means can be resorted to, to coerce their payment, other than those pointed out in the statute. We have adhered to this doctrine in our subsequent decisions. [State ex rel. v. Snyder, 139 Mo. 549, 554, 41 S. W. 216; State ex rel. v. Trust Co., 209 Mo. 472, 493, 108

S. W. 97; St. Louis v. United Railways, 263 Mo. 387, 452, 174 S. W. 78; Kansas City v. Field, 285 Mo. 253, 272, 226 S. W. 27.]

Sections 12322, 12333 and 12336, Revised Statutes 1929, authorize a township collector to enforce collection of taxes "by distraint and sale of the goods and chattels of the person who ought to pay the same." Sections 9915 and 9916, Revised Statutes 1929, vest similar powers in the county collector, and Section 9940, Revised Statutes 1929, provides that personal taxes "shall constitute a debt for which a personal judgment may be recovered before a justice of the peace or in the circuit courts of this state against the party assessed with said taxes;" that "all actions commenced under this law shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the collector and against the person or persons named in the tax bill, and in one petition and in one count thereof may be included the said taxes for all such years as may be delinquent and unpaid," etc.; and that "for the purpose of this chapter, personal tax bills shall become delinquent on the first day of January following the day when said tax bills are placed in the hands of the collector, and suits thereon may be instituted after the expiration of said first day of January, and within five years from said day." This latter section can have no application to a township collector because under Section 12323, Revised Statutes 1929, he is required on the first Monday in March of each year to make a final settlement of his accounts with the county court, pay over to the county treasurer and *ex-officio* collector all moneys remaining in his hands, and at the same time make his return of all delinquent or unpaid taxes, as required by law. Thereafter he has no power to enforce collection of taxes by distraint and sale, nor has he power at any time to proceed by personal judgment because no such power is given him by statute, and the general rule stated in 37 Cyc. 1240 is that "a suit at law cannot be maintained against the taxpayer unless the statute authorizes such an action." Said Section 9940 also provides: "Said personal tax shall be presented and allowed against the estates of deceased or insolvent debtors, in the same manner and with like effect, as other indebtedness of said debtors. The remedy hereby provided for the collection of personal tax bills is cumulative, and shall not in any manner impair other methods existing or hereafter provided for the collection of the same." As far as we are advised distraint and sale, personal judgment, and allowance against the estate of deceased or insolvent debtors are the only methods provided by statute to enforce collection of personal taxes. But plaintiff's petition does not attempt to follow any of these plain statutory methods. In State ex rel. v. Haphe, 31 S. W. (2d) 788, 790, we have recently said:

"Whether the care, charge, and management of personal property devolves upon one as trustee, administrator, executor, or curator,

or as agent of a non-resident principal, is of no consequence; he is made liable for the taxes on the property simply because he has charge and control of it, and not because of the capacity in which he holds it. And when the taxes are assessed against one so holding property, the debt is his and not that of the estate or principal for whom he holds.''

The mere fact that the property here alleged to have been assessed for taxation was later *in custodia legis* would not prevent plaintiff from pursuing the plain statutory remedy of procuring a personal judgment against the person to whom the property was assessed, if such property was in fact lawfully taxable. However, instead of pursuing the remedy thus plainly provided by statute plaintiff has obviously attempted to enforce collection of these taxes by a suit in equity, and in Kansas City v. Field, 285 Mo. 253, 275 S. W. 27, after a careful review of authorities and decisions in this and other states, we have held that such a case ''cannot fall within the equity jurisdiction—at least unless the tax is made a lien and no sufficient remedy is provided to make the lien efficacious.'' There is no statute making the tax here in question a lien against the personal property assessed.

Appellant insists that the judgment of the trial court should be affirmed under our decision in Greeley v. Provident Savings Bank et al., 98 Mo. 458, 11 S. W. 980. This and our earlier decision in State to use v. Rowse, 49 Mo. 586, have been cited with approval in other jurisdictions. [Marshall v. New York, 254 U. S. 380, 386; In re Tyler, 149 U. S. 164, 184; Liberty Mut. Ins. Co. v. Johnson Shipyards Corp., 6 Fed. (2d) 752, 756; Northern Finance Corp. v. Byrnes, 5 Fed. (2d) 11, 12; Bird v. City of Richmond, 240 Fed. 545, 558; Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, L. R. A. 1915 E. 211; Taylor v. Sutherlin-Meade Tobacco Co., 60 S. E. (Sup. Ct. App. Va.) 132, 136, 14 L. R. A. (N. S.) 1135; Gray v. Logan Co., 54 Pac. (Okla. Sup.) 485, 487; Green v. Railroad Co., 54 Am. St. (Ga.), 379, 431; Bibbins v. Clark, 29 L. R. A. (Ia.) 278, 285.] The gist of these rulings is thus stated in the Taylor case, supra, 60 S. E. 136:

''It is the universal rule that a court, as the representative of the sovereignty of the State, will make no order for the distribution of funds *in custodia legis* until provision is made for payment of taxes and levies due to the Commonwealth and its municipalities.''

The customary procedure in such cases is not by a separate suit in equity by the person charged with the duty of collecting the tax but by his intervention in the cause in which the property is held *in custodia legis*, as was done in the Rowse and Greeley cases, supra.

If the legality of the tax has not already been adjudicated it will be done on such intervention. Plaintiff did not pursue this course

and apparently he has not yet seen fit to do so. It follows from what has been said that his amended petition failed to state a cause of action against any of the defendants.

The views above expressed render it unnecessary for us to rule upon other points urged by appellants. Although plaintiff has erroneously attempted to state a cause of action in equity where none exists, it appears from the record that he might amend and state a good cause of action at law. [Koppel v. Rowland, 4 S. W. (2d) 816, 819.] He should be given an opportunity to do this. [O'Donnell v. Wells, 323 Mo. 1170, 1174, 21 S. W. (2d) 762, and cases cited.]

The judgment is, therefore, reversed and the cause remanded. All concur.