HENRY C. KIRCHNER, Trustee of the ST. LOUIS COUNTY AUTOMOBILE COMPANY, Bankrupt, Appellant, v. ANNA A. GROVER: ANNA A. GROVER, Administratrix of the Estate of HARRY V. S. GROVER, and KATHERINE STAUSS.—121 S. W. (2d) 796.

Division One, November 19, 1938.

*Barker, Durham & Drury* and *Geo. O. Durham* for appellant.

*G. A. Wurdeman* and *E. McD. Stevens* for respondents.

GANTT, J.—Action by the trustee in bankruptcy of the St. Louis County Automobile Company to recover the amount due on subscriptions for stock in said company. The court struck out the third amended petition for departure and entered judgment dismissing the suit, as provided in Section 796, Revised Statutes 1929. Plaintiff appealed.

The automobile company conducted business in the city of Clayton, St. Louis County, until July 7, 1930. At that time, and on application of the company, it was adjudicated a bankrupt by the district court of the United States. The claims against the company are about $120,000. The assets are about $20,000.

In substance the original petition alleged facts as follows: On February 24, 1915, the St. Louis County Automobile Company was incorporated under the laws of Missouri with an authorized capital of $5000, divided into fifty shares. The articles of association and certificate of incorporation were filed in the office of the recorder of deeds of St. Louis County on March 15, 1915. The subscribers for the stock were Harry V. S. Grover, two shares; Katherine Stauss, forty-five shares, and Geo. J. Bopp, three shares. The articles of as-

sociation recited that the capital had been paid to the directors in money or its equivalent. Whereas, the directors received only second-hand automobiles of less value than $5000 in payment for the stock.

Furthermore, on August 6, 1919, an increase of the capital from $5,000 to $25,000 was authorized by the stockholders. Anna A. Grover subscribed for the two hundred shares representing the $20,000 increase in the capital, for which she is obligated to pay the company. On September 6, 1919, the statement of the company with reference to said increase was recorded in the office of the recorder of deeds at Clayton and was certified to and filed with the Secretary of State. It recited that the $20,000 had been paid to the directors of the company, which statement was verified by the affidavits of Anna A. Grover, Harry V. S. Grover and Katherine Stauss. Anna A. Grover did not pay the $20,000, and the company has never been paid for the stock.

Furthermore, on April 15, 1926, the stockholders increased the capital of the company form $25,000 to $100,000. The statement with reference to said increase, which statement was verified by affidavit of Harry V. S. Grover, was filed in the office of the recorder of deeds at Clayton on April 24, 1926. It recited that $84,000 of the capital was in the possession of the directors of the company. It also recited that Harry V. S. Grover, L. J. Berkley and Anna A. Grover were the only stockholders of the company. It did not disclose the respective interests of the stockholders. Although the several articles of agreement, resolutions and statements recited that there had been full payment of the capital, as a matter of fact no cash or other property of the declared value was paid or transferred to the company for said stock.

Furthermore, the declarations of said articles of association and the statements with reference to the increase of the capital stock were false and made for the purpose of obtaining credit. Furthermore, the bankrupt estate is hopelessly insolvent and that there is no means of payment of the claims against the estate except by an assessment against the owners of the unpaid capital stock.

In substance the original petition then alleged that the several defendants are liable to plaintiff for the unpaid subscriptions for stock; that plaintiff has no adequate remedy at law to enforce said liability, and therefore brings this suit in equity. Wherefore, he prays that the court determine the liability of the several defendants and enter judgment according to their respective holdings of stock in the company; that if a defendant cannot be compelled to pay his or her proportion of the indebtedness against the bankrupt estate, that the other defendants be compelled to pay the same according to their respective holdings, and for such other relief as may be proper and equitable in the premises.

452

■ Defendants contend that the plaintiff had an adequate remedy at law against each defendant to recover the amount due on unpaid stock subscriptions, citing Strong v. Crancer, 335 Mo. 1209, 76 S. W. (2d) 383.

In that case the petition alleged a definite and certain amount due from each stockholder on unpaid subscriptions. For that reason we ruled that plaintiff had an adequate remedy at law against the individual stockholders. The rule is stated as follows:

"If the action is for the recovery only of the full unpaid subscriptions or any portion thereof, which has already been ascertained and determined by the court (or can be, in any other manner, definitely known to the plaintiff), the action is then a mere money demand and must be at law, but if the demand for judgment against the subscriber is joined with equitable issues, which it is necessary to have adjudicated, and which renders the amount required indefinite and uncertain, or other grounds of equitable jurisdiction are present, then an action in equity will lie." [Strong v. Crancer, supra, l. c. 386.]

In the instant case it appears from the original petition that the amount due for unpaid subscriptions is unknown to the plaintiff and that he is unable to determine said amount. It is unnecessary to decide whether the facts stated in the original petition are sufficient to show that plaintiff is entitled to an accounting. However, said facts do show that plaintiff is unable to determine the amounts due on subscriptions and, for that reason, sufficient facts are stated in the original petition to be the basis for an amendment stating a case for an accounting. [Wilson v. Hoover, 342 Mo. 1182, 119 S. W. (2d) 768; Koppel v. Rowland, 319 Mo. 602, l. c. 608, 4 S. W. (2d) 816.]

■ In this situation plaintiff filed the third amended petition dropping Louis J. Berkley and Geo. J. Bopp as defendants. The said petition pleaded the facts of the original petition, as above set forth, and further pleaded as follows:

"Plaintiff further states that Harry V. S. Grover, deceased, during his lifetime, and all the other defendants were stockholders, officers and directors of the said St. Louis County Automobile Company and trustees of all its assets for the benefit of its creditors. That from time to time said defendants subscribed to and caused to be issued to them without fully paying therefor numerous shares of the stock of said company, and from time to time caused the authorized capital stock of said corporation to be increased in form as required by the laws of Missouri and certified and caused to be certified and placed of public record representations to the public that such increase of capital stock had been subscribed and fully paid up, when in truth and fact said capital stock had not been paid up in lawful

money of the United States or its equivalent and fraudulently issued and transferred, or pretended to transfer, from one to another of the defendants various shares of its stock, knowing that the same were not fully paid and with the fraudulent view and intent of holding said corporation out to the public as possessed of assets and capital far in excess of its actual worth and capital and of avoiding liability for the unpaid balance on said stock and to avoid and defeat the creditors of said corporation. That the detailed number and amount of shares of stock so subscribed and so issued to the defendants and the unpaid balance owed thereon and the details of the various issues of stock and the several partitions and transfers of stock so made between the parties of shares not fully paid are to plaintiff unknown, for the reason that the said defendants as directors and officers of said corporation have failed to keep proper and full and detailed accounts of said transactions and of the property received in lieu of cash thereon and have lost or destroyed the original evidence thereof and have concealed and hidden the evidence thereof, by reason of which plaintiff cannot more definitely state the amount and manner of the obligation of the defendants, but that the defendants are possessed of full knowledge thereof and as trustees and directors and officers aforesaid are charged with the duty of making full disclosure thereof. That the ascertainment and determination of the value and worth of the property actually taken in lieu of cash on account of the various matters and things herein set forth involve a long and intricate accounting of the value of thousands of items of personal property and the taking and stating of numerous accounts to ascertain the liabilities of the corporation at the several times set forth in the petition and the determination of the liabilities of the several defendants, to the end that full equity be done in the premises and that by reason thereof plaintiff is without any adequate remedy at law. . . .

"Plaintiff further states that in truth and fact the said sum of five thousand dollars ($5,000,00), being the capital stock of said corporation subscribed, or pretended to have been subscribed and paid up in cash as aforesaid, was not paid into the hands of said first board of directors and was never by them paid into the treasury of said corporation as recited in said articles, as defendants very well knew, and if any part thereof was paid into the treasury of said company that it was in the form of a large number of secondhand automobiles and repair parts of automobiles and equipment of far less value than five thousand dollars ($5,000.00), the exact value of which can only be determined by an accounting and full disclosure by the defendants. That the stock of said corporation so subscribed and issued and unpaid was thereafter transferred to and received by the other defendants hereto with knowledge that the same had

not been fully paid for, and that by reason thereof the defendants are bound to pay over to plaintiff any unpaid balance on their subscriptions or on stock issued to or partioned among them and not paid for or on stock transferred to them and of which they had knowledge had not been fully paid. . . .

"Plaintiff further states that said sum of twenty thousand dollars ($20,000.00), being the amount of the said increase of capital stock, was not in truth and fact paid up in lawful money of the United States or otherwise, and was not in the hands of its board of directors, as recited in said resolution and statement, either then or at any other time, and that by reason thereof the defendants Anna A. Grover, as administratrix of the estate of Harry V. S. Grover, Anna A. Grover and Katherine Stauss are in equity and good conscience jointly and severally bound to the said corporation, its creditors and this plaintiff, in this, to-wit, that Anna A. Grover is bound to pay over so much of said subscription as was not in fact paid into the hands of said board of directors; that the other defendants participated in said increase of capital stock and received and had transferred to them large numbers of shares thereof with knowledge that the same was not paid for, and participated in a partition of said shares knowing the same were not in fact paid for. . . .

"That defendants as officers and directors failed to keep proper records of the subscribers to said increase of capital stock, by reason of which he is unable to set forth in detail the exact number of shares subscribed by the several defendants, or partitioned among them but plaintiff states that all of said increase was in fact fully subscribed by said defendants either severally or jointly or in legal effect and that the same was not fully paid up as recited in said statement or otherwise, and that they, and each of them, are bound to pay over to plaintiff so much of their joint or several subscriptions and legal obligations for said increase of capital stock as has not been fully paid by them, or any of them.

"Plaintiff further states that all or a substantial portion of the unpaid creditors of said corporation became such in good faith and in reliance upon the truth of the matters and things stated in said articles of association and said several increases of capital stock of said corporation, and without knowledge or means of knowledge that all or any part of said statements therein contained were untrue and without knowledge that said stock and subscriptions had not in fact been fully paid, and that said purported issue and increase in capital stock had in fact been issued to and partitioned between the defendants without consideration therefor being paid into the treasury of said corporation, and without knowledge that the property taken in lieu of cash therefor was grossly and fraudulently overvalued, and that this plaintiff as trustee is entitled to an accounting of the

value of the property actually paid into the treasury in consideration of said capital stock, and to recover of the defendants the amounts for which they are jointly and severally obligated by reason of the premises and by reason of the insufficiency of said assets.

"Wherefore, plaintiff prays that defendants, and each of them, be required to disclose and account for any subscription to the capital stock of the said corporation that they, or either of them, may have made at any time, and which they have not fully paid up, and of the stock issued by and received by them without consideration, and that an account be had of the obligations of all and several of the defendants on account of stock which has been bought by or transferred to and received by them of the other defendants and stockholders and not fully paid up. That an accounting be had of the actual value of any property taken and received in lieu of money on account of said stock and that an account be taken of the liabilities of said corporation as of the time of said purported increase in said capital stock.

"That the amount of the liabilities of the several defendants for and on account of the matters and things herein set forth be adjudged and determined and equitably apportioned to the satisfaction of the debts of said corporation, and that the order and priority of the application of the several obligations of the defendants to said bankrupt estate be equitably determined and fixed and that plaintiff have a judgment and decree against the several defendants for the gross amount of their several obligations to be paid and satisfied in the order of said priority of obligation, and if any of said defendants who are primarily liable are insolvent or unable to pay in full his or her obligation that such portion of said obligation as is decreed against them, or either of them, and which they are unable to pay, shall be assessed and apportioned among the other defendants who may be liable thereon in the order to be adjudged by the Court until the full obligation of the several defendants is satisfied, and that the Court retain jurisdiction of this cause for the purpose of making such other orders and decrees as shall be just and equitable.

"Plaintiff further prays for such other orders, judgments, decrees and relief as shall be just and equitable and for his costs herein expended."

Defendants argue that the third amended petition seeks recovery against the officers and directors of the company for mismanagement. We do not think so. The allegations with reference thereto are in explanation of plaintiff's inability to determine the amount due from each stockholder for unpaid subscriptions.

The said petition does not change the nature of the cause of action. In both petitions plaintiff seeks recovery for unpaid subscriptions. The petitions cover the same transactions. The measure of damages

is the same and a recovery under one petition would bar a recovery under the other petition. [Clothing Co. v. Railroad, 71 Mo. App. 241; Ingwerson v. Railroad, 150 Mo. App. 374, 130 S. W. 411; State ex rel. v. Bourne, 151 Mo. App. 104, 131 S. W. 896; Stewart & Jackson v. Van Horne, 91 Mo. App. 647; Walker v. Railroad, 193 Mo. 453, 1. c. 477, 92 S. W. 83; Smith v. Harbison-Walker Refractories Co., 340 Mo. 389, 100 S. W. (2d) 909; State ex rel. Hibbs v. McGee, 328 Mo. 1176, 44 S. W. (2d) 36; Dahlberg v. Fisse, 328 Mo. 213, 1. c. 220, 40 S. W. (2d) 606; Rippee v. Railroad, 154 Mo. 358, 55 S. W. 438; Jenson v. Hinderks, 338 Mo. 459, 92 S. W. (2d) 108.]

Furthermore, ''the mere fact that allegations of new facts essential to constitute a cause of action, and necessitating new and additional evidence to support same, are introduced in the petition by an amendment does not brand the amendment as introducing or substituting a new cause of action.'' [Hudson v. Railroad, 173 Mo. App. 611, 1. c. 633, 159 S. W. 9.]

The third amended petition is not departure from the original petition, and the judgment should be reversed and the cause remanded. It is so ordered. All concur.