**Jeffrey S. SMITH, et al., Plaintiffs-Respondents,**

v.

**Robert and Mark WOHL, Defendants-Appellants.**

**No. 49399.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1986.

Application to Transfer Denied Feb. 18, 1986.

Schramm, Pines & Spewak, Clayton, for defendants-appellants.

Rosenberg, Weiss, Goffstein, Kraus & Seigel, St. Louis, for plaintiffs-respondents.

CRANDALL, Presiding Judge.

Defendants, Robert and Mark Wohl, appeal from the judgment of the trial court entered pursuant to a jury verdict in favor of plaintiffs, Jeffrey S. Smith, et al., in the amount of $67,017 in plaintiffs' action for breach of a partnership agreement and on defendants' counterclaim for damages arising out of the operation of the partnership. We affirm.

In August 1980, four plaintiffs and two defendants orally agreed to form a real estate partnership to purchase a commercial building. Plaintiffs would own and apportion among themselves a fifty percent interest in the building, and defendants would own and divide the remaining fifty percent. On September 22, 1980, although no partnership agreement had been signed, two of the plaintiffs entered into a contract for the purchase of the real estate. On November 9, 1980, all the partners executed a written partnership agreement which was dated and was to become effective as of October 1, 1980. Shortly thereafter, the real estate sale contract was assigned to the partnership. The partnership proceeded to seek financing, to engage attorneys, and to retain an architect.

Throughout this time, defendants corresponded with plaintiffs by mail, requesting information about the project with regard to arrangements for financing, expenditures, and specifics about the construction. In two letters, dated October 20 and December 11, 1980, defendants purported to withdraw from the partnership, alleging that the plaintiffs had failed to comply with their requests. Each time they later revoked their withdrawal and agreed to reinstatement.

On January 2, 1981, defendants' attorney wrote a letter to plaintiffs asking that defendants be apprised of certain financial aspects of the project and that certain remodeling be done at plaintiffs' expense. Two meetings were held to resolve these issues.

At the final meeting on January 12, 1981, defendants again advised plaintiffs that

they were withdrawing from the partnership. By that time, part of the interior of the building had been demolished and the closing date for the sale of the building was scheduled for January 15, 1981.

Plaintiffs were unable to locate another partner. Because the bank refused to issue the industrial bond without the signatures of all partners, plaintiffs did not close the sale of the building. The seller of the building, Industrial Properties, Inc., then sued the two plaintiff-purchasers for breach of contract. The defendants were informed of the lawsuit but did not intervene. The plaintiff-purchasers entered into a settlement agreement whereby, in addition to the $15,000 previously paid into escrow, they paid the seller $10,000 cash, signed a $5,000 promissory note, and agreed to turn over one-half of their damage recovery against defendants, not to exceed $11,000, should they be successful in the present action for breach of the partnership agreement.

Defendants raise several issues on appeal. The first two points attack Instruction No. 7.[1]

Initially, we note that defendant declined to make contemporaneous objections to Instruction No. 7 at the instruction conference. Although apparently sanctioned by Rule 70.03, the practice of withholding specific objections at the instruction conference and saving them for a post-trial motion has been criticized. *See Hudson v. Carr*, 668 S.W.2d 68, 71–72 (Mo. banc 1984); *Fowler v. Park*, 673 S.W.2d 749, 756 (Mo. banc 1984). The present trend is away from reversal for instructional error unless there is a substantial indication of prejudice. *Lawton v. Jewish Hospital of St. Louis*, 679 S.W.2d 370, 374 (Mo.App. 1984). "If a defect [in the instruction] is not readily apparent to alert counsel preparing to argue the case, there is very little likelihood that the jury will be confused or misled." *Hudson v. Carr*, 668 S.W.2d at 72.

In their first point, defendants argue that Instruction No. 7, patterned after MAI 26.06, entitled "Verdict Directing-Bilateral Contract-Terms of Agreement in Issue," should not have been given because the terms of the contract were not in dispute. They urge that the proper instruction was MAI 26.02, captioned "Verdict Directing-Breach of Bilateral Contract-Breach Sole Issue."

Assuming without deciding, that the terms of the contract were not in dispute, defendants have failed to demonstrate how they were prejudiced by the giving of the challenged instruction. Instruction No. 7 was plaintiffs' verdict-directing instruction. By infusing the issue of a dispute as to the terms of the contract into the instruction, plaintiffs assumed a heightened burden of proof. As a result they had to prove, not only that defendants breached the partnership agreement, but also that the contract existed and its terms were not in issue.

■■■ The test for determining the prejudicial effect of an instruction which deviates from the applicable MAI instruction is whether the challenged instruction placed a greater burden on the party submitting it. *Keifer v. St. Jude's Children's Research Hosp.*, 654 S.W.2d 236, 238 (Mo.App.1983).

---

1. Instruction No. 7 reads as follows:

Your verdict must be for plaintiffs if you believe:

First, plaintiffs and defendants entered into a Partnership Agreement, the purpose of which was to purchase the real property known as 1283 Research Boulevard, and

Second, plaintiffs were ready, willing and able to perform under the terms of the Partnership Agreement, and

Third, defendants failed to perform the Partnership Agreement by withdrawing from the Partnership and refusing to purchase 1283 Research Boulevard, and

Fourth, plaintiffs were unable to perform under the terms of the Partnership Agreement because of defendants' withdrawal from the Partnership and refusal to purchase 1283 Research Boulevard, and

Fifth, plaintiffs were thereby damaged

unless you believe that plaintiffs are not entitled to recover by reason of Instruction No. 8.

If plaintiffs chose to assume a greater burden than was necessary under the evidence, the error, if any, was detrimental to them and not to defendants. No prejudicial error resulted from the giving of plaintiffs' verdict directing instruction. Defendants' first point is denied.

Defendants next contend that Instruction No. 7 was not supported by the evidence because the instruction referred only to the partnership's purchase of the real property, whereas the purposes enumerated in the partnership agreement were to manage, to operate, and to develop the commercial building in addition to acquiring it. We note again that defendants were silent at the instruction conference regarding this alleged deficiency in the instruction.

■ The format for a proper MAI instruction is a simple exposition of the ultimate issues. *George v. Gross and Janes Co.*, 634 S.W.2d 579, 582 (Mo.App.1982). Although the contract contained the words "operate," "improve," "develop," and "manage," the additional functions of the partnership described by such terms were not pertinent to the present action. Obviously, if the property were never purchased, there could then be no opportunity to manage or operate it. The ultimate fact issue for the jury was whether defendants' withdrawal from the partnership agreement was a breach of contract which prevented the purchase of the real estate such that plaintiffs incurred damages. Any reference in the instruction to future commitments under the contract beyond acquisition of the property would have been surplusage. Defendants' second point is denied.

Defendants' third point charges error in the court's overruling their objection to plaintiffs' closing argument. They allege that plaintiffs' counsel misstated the law when, in his reading of Instruction No. 7 to the jury, he deleted the following phrase from the "tail" of the instruction: "unless you believe that plaintiffs are not entitled to recovery by reason of Instruction No. 8." [2] We note that Instruction No. 8 was not included in the record on appeal. Although we are only speculating that the instruction was either a converse or an affirmative defense instruction, we will nevertheless consider defendants' point.

2. The transcript on appeal provides the following excerpt from the closing arguments:

[Plaintiffs' counsel]: Ladies and gentlemen, this is the last time you are going to hear from me. That will be it.

[Defendants' counsel] was talking about the law. The Court instructs you on what the law is. Let's go through some of these instructions.

Instruction 1 talks about the credibility of the witnesses and pay attention to that. It's really important.

There is an instruction that the Court has given you, Instruction 7 which says:

"Your verdict must be for Plaintiffs if you believe:

First, Plaintiffs and Defendants entered into a Partnership Agreement, the purpose of which was to purchase the real property known as 1283 Research Boulevard."

That's the Partnership Agreement, Exhibit 0.

"Second, Plaintiffs were ready, willing and able to perform the terms of the Partnership Agreement."

No question about that.

"Third, Defendants failed to perform the Partnership Agreement by withdrawing from the Partnership and refusing to purchase 1283 Research Boulevard."

There's no question about that.

"Fourth, Plaintiffs were unable to perform under the terms of the Partnership Agreement because of Defendants' withdrawal from the Partnership and refusal to purchase 1283 Research Boulevard."

There's no question about that. The Plaintiffs couldn't perform. They couldn't get a loan without the signature of the Wohls.

"Fifth, Plaintiffs were thereby damaged."

That's the Court's instruction. That's the law, and the damages are set out in these instructions without any argument from the Defendants. There is no argument that the damages are sixty-seven thousand dollars ($67,000.00).

[Defendants' counsel]: Your Honor, please, that's not the law. He left out the tail of that instruction unless they find otherwise by reason of another instruction.

THE COURT: Overruled. This is argument of Counsel. The Jury will have the complete set of instructions and the Jury will read them.

■ Usually, a remark made in closing argument is examined in the context of the entire argument in order to determine whether it was prejudicial. *Wapelhorst v. Lindner*, 269 S.W.2d 865, 870 (Mo.1954). Here, the record only reflects a single excerpt from the closing argument of plaintiffs' counsel. We are not prone to find prejudice based upon an isolated remark without viewing it against the backdrop of the complete arguments of counsel for both parties.

Moreover, plaintiffs' counsel did not misstate the law as defendants allege. He simply interpreted Instruction No. 7 to the jury. In so doing, he was arguing conclusions that were necessary to support his claim. He was not obligated to also argue defendants' case for them. Although defendants' closing argument was not provided in the record, it reasonably can be assumed that any defenses available to defendants, and most probably contained in Instruction No. 8, were covered in defendants' closing argument.

■ The trial judge did not err in overruling defendants' objection to the omission of any reference to Instruction No. 8 in the closing argument of plaintiffs' counsel. In his ruling, the judge in effect told the jury to consider the complete set of instructions and not just those discussed in the closing arguments. Defendants' third point is denied.

Defendants' fourth point alleges error in the denial of their request for remittitur. Defendants claim they were entitled to have the damage award against them reduced by $41,000. This figure represents the amount for which plaintiffs settled the prior breach of contract action which arose as a result of the partnership's failure to close the real estate sale. The sellers, Industrial Properties, Inc., brought an action against the two partners who had signed the contract for sale. Defendants contend that, since they were necessary and indispensable parties to this earlier action and were not joined, plaintiffs are barred from seeking reimbursement from them to cover the cost of their settlement in the prior suit. They do not argue that the damage aspect of the verdict was unsupported by the evidence.

■ The doctrine of remittitur was abolished in Missouri by the Missouri Supreme Court in *Firestone v. Crown Center Redevelopment Corporation*, 693 S.W.2d 99, 110 (Mo. banc 1985). Although *Firestone* involved a claim for damages for bodily injury, the specific holding of the Court did not limit the abrogation of the remittitur practice to personal injury cases or to tort claims in general. The Court made the all-encompassing statement that "remittitur shall no longer be employed in Missouri." *Id.*

■ Aside from the ruling in *Firestone*, we find defendants' argument that they were indispensable party defendants to the suit by Industrial Properties, Inc. without merit. An action may proceed absent joinder of a "necessary" party, but not absent joinder of an "indispensable" party. *Massey v. Long*, 608 S.W.2d 547, 551 (Mo. App.1980). If the party not joined is a necessary party under Rule 52.04(a), then it must be determined whether the action should proceed or be dismissed pursuant to Rule 52.04(b). *Id.* Rule 52.04(b) is only activated if the potential party to the action is necessary. *Id.* If a party is not necessary to a lawsuit, then no further consideration need be given to the indispensability of that party. *Vanderson v. Vanderson*, 668 S.W.2d 167, 170 (Mo.App.1984).

■ The initial question of whether a partner is a necessary party defendant to an action brought against his co-partners is resolved by the nature of a partner's liability. Partners are jointly and severally liable for the obligations of the partnership. § 358.150, RSMo (1978). A plaintiff has the option to sue any individual partner; and, if he is successful, he may hold that

partner liable for the entire debt of the partnership. Further, a partner who has paid more than his share of a partnership's obligation has the right to seek reimbursement from his co-partners in proportion to their responsibility. *Wilson v. Hoover*, 342 Mo. 1182, 119 S.W.2d 768, 772 (1938).

In the present case the commercial property was to be purchased in accordance with the partnership agreement between plaintiffs and defendants. Industrial Properties, Inc., chose to sue only two plaintiffs for breach of the contract for sale. When these plaintiffs settled that suit and paid damages, they retained the right to seek reimbursement from the partners who, in effect, had caused the breach of the contract for sale by their own prior breach of the partnership agreement. Due to the nature of defendants' joint and several liability as partners, they were adequately represented by the partners sued and their ability to protect their interest in the subject matter of the action was not impaired or impeded. *See* Rule 52.-04(a)(2)(i). Since defendants were not necessary party defendants to the suit by Industrial Properties, Inc., it naturally follows that they could not then have been indispensable party defendants to that action.

Finally, defendants were apparently aware of the litigation and did not attempt to intervene. They cannot now complain that they were not parties. Defendants' fourth point is denied.

Defendants' final contention is that the court erred in refusing to give Instructions A through N which set forth their defenses as well as their counterclaim against plaintiffs. We have examined this final point and find it without merit. No error of law appears. An extended opinion would have no precedential value. The point is denied pursuant to Rule 84.16(b). The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, J., concur.