**Warren BROWN, Plaintiff/Appellant,**

v.

**ST. MARY'S HEALTH CENTER,**
**Defendant/Respondent.**

**No. 49938.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1986.

Terrance L. Farris, St. Louis, for plaintiff-appellant.

Kemper Coffelt, Arthur Walther, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Warren Brown, brought a wrongful death action against defendant, St. Mary's Health Center, for the death of his son, Steven Brown, who committed suicide while confined in defendant's psychiatric ward. He appeals from a judgment entered in favor of defendant pursuant to a jury verdict. We affirm.

Steven Brown (decedent) was admitted to defendant's psychiatric ward on May 29, 1978. At that time, he was twenty-five years of age and had an extensive history of mental illness and of recurrent hospitalizations. On June 25, he inflicted superficial cuts to his wrists and neck with a razor blade and verbalized his intention to kill himself. As a result of this occurrence, he was transferred to a maximum security or "closed" unit of the psychiatric ward. On June 29, at approximately 2:00 a.m., the nurse on duty smelled smoke in decedent's room and questioned him as to whether he had any matches. She did not conduct a search of his room at that time or at any time thereafter. At approximately 6:15 a.m., decedent was found dead in his bed

with a plastic bag tied over his head. The cause of his death was determined to be by asphyxiation.

In his first point, plaintiff alleges instructional error. His verdict directing instruction submitted three theories of liability to the jury:

Your verdict must be for the plaintiff if you believe:

\*   \*   \*   \*   \*   \*

Defendant's employees failed to keep Stephen Brown under reasonable observation, or

Defendant's employees failed to formulate reasonable rules for the observation of patients such as Stephen Brown, or

Defendant's employees failed to reasonably restrict access to the plastic bag mentioned in evidence ...

Plaintiff's proffered instruction included a fourth theory of liability; namely, defendant's failure to adequately search decedent's room. The trial court refused to submit this theory to the jury because the court questioned the causal relationship between defendant's failure to search and decedent's death.

The issues of whether the verdict directing instruction, as given, correctly hypothesized legally viable theories of liability and whether those theories were supported by the evidence are not raised in this appeal. Our analysis is limited to the question of whether the plaintiff was prejudiced by the failure to add a fourth theory of liability to the instruction. In focusing on the question of prejudice, we assume without deciding that, if defendant failed to adequately search decedent's room, such failure was a substantial factor leading to his death. *See Jackson v. Ray Kruse Construction Co., Inc.*, 708 S.W.2d 664 (Mo. banc 1986) (a recent, detailed analysis of the law relating to causation).

■ "Retrials are burdensome. There has been in recent years a trend away from reversal for error in instruction, unless there is a substantial indication of prejudice. This trend appears in civil and in criminal cases. The very adoption of MAI,

indeed, demonstrates confidence that the issues may be presented to juries through argument and that prolix factual instructions are neither necessary nor desirable." *Fowler v. Park Corp.*, 673 S.W.2d 749, 757 (Mo. banc 1984) (footnotes omitted). The format for a proper MAI instruction is a simple exposition of the ultimate issues. *Smith v. Wohl*, 702 S.W.2d 905, 909 (Mo. App.1985).

■ In the present case, three theories of liability were submitted to the jury in the disjunctive. Doubtlessly, alternative theories of liability could have been submitted with increasingly greater factual detail. Plaintiff's instruction, which propounded defendant's failure to "reasonably restrict access to the plastic bag," sufficiently covered plaintiff's theory of the case and was a "simple exposition of the ultimate issues." *Wohl*, 702 S.W.2d at 909. Searching decedent's room, observing decedent, and formulating rules for the observation of decedent were simply methods by which defendant could have restricted decedent's access to the plastic bag. To include in the verdict director plaintiff's fourth theory of liability, the failure to adequately search decedent's room, was "neither necessary nor desirable." *Fowler*, 673 S.W.2d at 757. That theory was best left to be developed in closing argument. Plaintiff does not allege that he was improperly restricted in his closing argument. Indeed, the closing arguments are not part of the record on appeal. Finding no prejudice, plaintiff's first point is denied.

Plaintiff's second point claims error in the trial court's allowing a nurse who was the assistant director of nursing for psychiatry to testify as to the standard of care for psychiatric nurses. He argues that defendant failed to identify her as an expert witness in response to a written interrogatory.

■ The trial court is accorded broad discretion in the admission or exclusion of testimony when it is challenged on the basis that it was not properly disclosed by answers to interrogatories. *McClanahan*

*v. Deere and Co.*, 648 S.W.2d 222, 230 (Mo. App. 1983). In the instant case, plaintiff called the nurse as a witness in his own case. He reviewed her training, qualifications and experience as a psychiatric nurse. He specifically asked for her professional opinion as a psychiatric nurse. In effect, plaintiff himself qualified her as an expert. Plaintiff's own conduct obviates his claim of surprise at defendant's eliciting similar testimony from that witness. The trial court did not abuse its discretion in admitting the testimony of that witness. Plaintiff's second point is denied.

Plaintiff's third point challenges the admission of testimony about the lack of objection or complaint from the Joint Commission of the Accreditation of Hospitals (Commission) regarding the presence and use of plastic bags on defendant's closed psychiatric ward. During the cross examination of the assistant director of nursing for psychiatry, the following discourse occurred:

> Q. Okay. Did anyone from this Joint Commission ever say orally to you, you can't use these types of sanitary devices, these plastic bags, in this division, in this ward?
>
> A. No.

Plaintiff objected to such testimony on the basis of hearsay and relevancy, but he did not object until after the question had been answered by the witness. "An objection to a question, which is not made until after the answer has been given, comes too late and will not be considered on appeal unless the record shows that the witness answered too quickly and there was no time to object." *Minks v. Smith*, 367 S.W.2d 6, 8 (Mo. App. 1963). A party cannot sit by, allow the question to be answered, and then object to the answer if it doesn't suit him. *Id.* The record in the present case fails to show that the answer complained of was given before plaintiff had an opportunity to object. In the absence of a timely objection, the trial court did not err in allowing the testimony to stand.

Further, without the text of the closing arguments before this court, we cannot examine the record for the prejudice which plaintiff posits. It is impossible to discern from the record what significance defendant attached to the nurse's comment about the Commission's lack of objection to the use of plastic bags on its closed psychiatric ward. The nurse's answer could have gone to show a lack of notice as opposed to an inference that the commission approved the use of plastic bags. Plaintiff's final point is denied.

The judgment of the trial court is affirmed.[1]

KELLY and PUDLOWSKI, JJ., concur.

---

1. Defendant's motion to strike plaintiff's brief    and/or to dismiss appeal is denied.